STATE *vs.* GEORGE SNOW.

*Criminal Law—Breaking and Entering Dwelling House in Night-time With Intent to Commit Larceny—Intent—Drunkenness—What Constitutes Breaking and Entering without Intent to Commit Larceny—Good Character; Effect of; Commenting on—Constitutional Provision—Reasonable Doubt.*

1. The crime of breaking and entering in the night time the dwelling house of another with intent to commit larceny is of a two-fold nature.    The breaking and entering is a crime in itself under the statute, if it is unlawfully and wilfully done; and added to that is the intent to commit larceny.

If the defendant charged with the commission of such crime was, from intoxication or other cause, in a state of stupor and in such condition that he really and *bona fide* believed that he was entering the house of his employer, he would not be guilty of the charge.    Drunkenness, however, is generally in itself no excuse for crime.

3.  If the door of the dwelling house was shut, and the defendant lifted the latch, opened the door and entered, that would constitute a breaking and entering. As to what constitutes a breaking see' also *State vs. Carter, et. al., Houst. Crim. Cases, 402.*

4.  If the defendant improperly broke and entered, but without the intent to steal, he would be guilty of the breaking and entering alone.

5.  Good character goes to the jury as substantive proof, and is to be grouped together by them with other testimony, and given whatever weight under the circumstances;they think it is entitled to.  The Court cannot say, however, that the effect of good character is to create a reasonable doubt, because that would be contrary to the constitutional provision prohibiting the Court's commenting upon the effect of testimony.

6.  Reasonable doubt defined.

*(April 28, 1901.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Robert H. Richards,* Deputy Attorney-General for the State.

*Richard R. Kenney* and *Arley B. Magee* for the defendant.

Court of General Sessions, Kent County, April Term, 1901.

INDICTMENT for breaking and entering the dwelling house of Ichabod A. Sellard, in East Dover Hundred, in the night time, with intent to commit larceny.

The defendant at the trial admitted that he entered the house of the prosecuting witness, the door not being locked; but denied any felonious intent; claiming it was done through a mistake; that owing to his intoxicated condition he thought he was entering the house of his employer where he lived.

LORE, C. J., charging the jury :

Gentlemen of the jury:—George Snow, the prisoner, is charged in this indictment with having, in the night time, broken and

entered the dwelling house of one Ichabod A. Sellard, in this county, and with intent to commit larceny.

That crime is, under the law as it now stands, of a two-fold nature. That is, the breaking and entering of a dwelling house is a crime in itself under our statute if it is unlawfully or wilfully done, and added to that is the intent to commit larceny.

We have been asked by the defendant's counsel to charge you upon certain points.

*First.* "That if the jury believe from the evidence that the defendant was drunk and in a stupor and entered the home of Sellard believing it to be the home of Mr. Lindale, his employer, with no feloneous intent, then the jury should acquit."

Upon that point we would say to you that if from the evidence in this case you believe that the boy Snow, from any cause, intoxication or otherwise, was in a state of stupor and in such a condition that he really and *bona fide* believed that he was entering the house of his employer; then you should acquit of both phases of the crime, and your verdict should be not guilty—although we say to you that generally drunkenness in itself is no excuse for crime, for if it were, then all a person would have to do would be to get drunk whenever he wanted to commit a crime.

*Again,* we are asked to charge you:

"That before the jury can find the prisoner guilty in the manner and form in which he stands indicted they must be satisfied beyond a reasonable doubt that there was an actual breaking into the house of Sellard."

The law upon that point is this: If the jury believe that the door was shut and that the prisoner lifted the latch, opened the door and entered, it would come within the law of this State and would be a breaking and entering. In the celebrated case of *State vs. Carter et. al. (Houst. Crim. Cases, 402, at 412)* Chief Justice Gilpin lays the law down in these words:

" In respect to the rule which requires that there must be clear and unequivocal proof of the breaking and entering of the dwell-

ing-house alleged in the night-time with intent to commit a felony ; it is our duty to say to you that in the crime of burglary the breaking may be either actual or constructive. An actual breaking may be by forcing open a door, picking or opening a lock, breaking a window, or taking out a pane of glass, taking out nails or other fastenings, the turning of a key where the door is locked, or the unloosing of any fastening, the raising of a window, and even by the drawing or lifting of a latch ; for all these have been held sufficient to constitute an actual burglarious breaking in contemplation of law."

You have heard the evidence in this case and from that evidence it is for you to say, under the law as we have given it to you, whether there was a breaking and entering in this case.

*Again,* we are asked by the defendant's counsel to charge you:

"That before the jury can find the prisoner guilty in the manner and form in which he stands indicted they must be satisfied beyond a reasonable doubt that the prisoner entered the home of Mr. Sellard with intent to steal, and if the intent be not shown, the breaking and entry will amount to a trespass."

The law is that if he improperly broke and entered that house without the intent to steal, he would be guilty of breaking and entering alone.

The next two prayers are:

"That the proof of the breaking and entering are not sufficient, but the felonious intent must be shown."

"That good character goes to the jury as substantive proof like any other fact in the case, and may be sufficient in itself to create a reasonable doubt as to the guilt of the prisoner.—*State vs. Daniels, 2 Pennewill, 586.*"

We say to you that good character goes to the jury as substantive proof, and you are to group it together with other testi, mony and give it whatever weight, under the circumstances, you think it is entitled to; but we cannot say that the effect of that

would be to create a reasonable doubt in your minds, for that would be contrary to the constitutional provision prohibiting the Court's commenting upon the effect of testimony.

Having considered the prayers of counsel, we will now deal with the case more generally.

It is incumbent upon the State to show you by competent evidence that this colored man, the prisoner at the bar, in the night time, did break and enter, (in the manner described) the dwelling house of Ichabod A. Sellard, and that when he thus broke and entered it, he did it with the intent to commit larceny. If you are satisfied that the State has proved to you beyond a reasonable doubt these material facts which I have stated, then it would be your duty to find a verdict of guilty in manner and form as he stands indicted.

If, on the other hand, you should be satisfied from the evidence that he did not break and enter the house with intent to commit larceny, but that he did unlawfully break and enter the same under the thought that he was entering the house of his employer, having no intention to commit larceny at all—if you believe that is clearly established by the proof—in that event your verdict should be not guilty in manner and form as he stands indicted, but guilty of breaking and entering only.

If you have any reasonable doubt upon these points that doubt should inure to the benefit of the prisoner. For instance, if you have a reasonable doubt as to whether he had the intent to commit larceny that should inure to his benefit and reduce the crime from breaking and entering with the intent to commit larceny to the mere breaking and entering. And if you have a reasonable doubt as to his breaking and entering you should acquit him altogether.

By a reasonable doubt is not meant a conjecture of the mind or an impression based upon an hypothesis or fancy of your own— favorable or otherwise—but simply based upon the testimony as you have heard it delivered from this stand.

Verdict: Not guilty in manner and form as indicted but guilty of breaking and entering, and the prisoner is recommended by the jury to the mercy of the Court.