STATE *vs.* JAMES CARR (*alias* FRANK COLE) and JOSEPH SMITH.

*Criminal Law—Larceny ; Essential elements of—Time not Material
—Recently stolen Property—Presumption of Law—Reason-
able Account of the Possession—Good Character—
Evidence.*

1. Where an indictment for larceny is found within the time limited by law, the time laid therein is not material ; and proof of the larceny at any time before the indictment was found will sustain it.

2. Larceny is the felonious taking and carrying away of the personal property of another with intent to convert it to the use of the taker, without the consent of the owner.

3. There are four essential elements in the crime of larceny : the taking and carrying away, which constitutes the severance of the property from the possession of the owner, against his will ; the property, which must be personal property such as described in the indictment, and of some value ; the ownership, which constitutes the

legal right of possession of him from whom the property was taken ; and the intent to steal, which embraces the intent to permanently deprive the owner of the possession of the property stolen, and the intent to derive some gain or profit to the taker. In order to convict, it is incumbent upon the State to sustain each of these elements.

4. Where recently stolen property is found in the possession of a person, such person is presumed to have stolen it, unless he accounts satisfactorily to the jury for his possession. Whenever a reasonable account of the possession is satisfactorily proven, it is incumbent upon the State to show that such an account is false.

5. Evidence of good character, when offered, is to be considered by the jury, in connection with all the testimony in the case.

(*February 5, 1904.*)

LORE, C. J., and BOYCE, J., sitting.

*Robert H. Richards,* Deputy Attorney-General for the State.

*Horace G. Eastburn* and *Sylvester D. Townsend, Jr.* for the defendants.

Court of General Sessions, New Castle County, February Term, 1904.

INDICTMENT FOR LARCENY.

The defendants' counsel requested the Court to charge the jury, *inter alia,* as follows :

1. That it is the duty of the jury at every stage of their progressive inquiry as to the guilt of the prisoner, from the first to the last, to give the prisoner the benefit of any reasonable doubt which they may have as to his guilt.

*State vs. Green, Houst. Crim. Cas., 233 ; State vs. Buchanan, Houst. Crim. Cas., 89, 90.*

2. A reasonable doubt is such a doubt as will prevent a reasonable man from reaching a conclusion to a moral certainty. Such a doubt should enure to the acquittal of the accused.

*State vs. John Morahan, New Castle, Nov. Term, 1895.*

4. If any one juror should entertain a reasonable doubt as to the guilt of the defendant, it is his duty to withhold assent to a verdict of guilty.

*Stiltz vs. State, 104 Ind., 359 ; Little vs. People, 157 Ill., 153 ; State vs. Sloan, 55 Iowa, 217 ; Underhill Cr. Ev., Sec. 15.*

6. If the goods are stolen by a person unknown, and are, after a lapse of time, found in the possession of the defendant, and the defendant shall give reasonable and probable account of the manner in which he came by them, it will be incumbent on the prosecution to negative this explanation.

*3 Greenleaf Evidence, Sec. 161 ; Hall's Case, 1 Cox C. R., 231 ; Regina vs. Crowhurst, 1 C. & K., 370 ; State vs. Furlong, 1 Appleton (Me.),—225, 13 Shep. (Me.), 69.*

That the Court instruct the jury to bring in a verdict of not guilty by reason of the fact that the razor alleged to have been stolen was not found in the possession of the defendant until a month after it was missed.

*Richards*, Deputy Attorney-General, objected to the Court's charging the jury as above requested.

BOYCE, J., charging the jury :

Gentlemen of the jury :—The Court has been requested to instruct you to find a verdict of not guilty for the defendants. We decline to so instruct you, leaving the case in your hands to be determined by you upon the evidence.

Where an indictment for larceny is found within the time limited by law, we may say that the time laid therein is not material ; and proof of the larceny, at any time, before the indictment was found, will sustain it.

In this case the indictment charges James Carr, the prisoner at the bar, and Joseph Smith (who has not been apprehended) with

having stolen in the month of January of this year, in the city of Wilmington, in this county, one overcoat and one razor. James Carr, the defendant, is now on trial for the theft of the razor only, one of the articles mentioned in the indictment.

Theft or larceny is the felonious taking and carrying away of the personal property of another with intent to convert it to the use of the taker without the consent of the owner.

There are four essential elements in the crime of larceny : the taking and carrying away, which constitutes the severance of the property from the possession of the owner against his will; the property, which must be personal property such as described in this indictment, and of some value ; the ownership, which constitutes the legal right of possession of him from whom the property was taken ; and the intent to steal, which embraces the intent to permanently deprive the owner of the possession of the property stolen, and the intent to derive some gain or profit to the taker.

It is incumbent upon the State to sustain each of these elements of the crime by satisfactory proof.

Where recently stolen property is found in the possession of a person, the rule of law is that such person is presumed to be the one who stole it unless he accounts satisfactorily to the jury for his possession. Whenever a reasonable explanation or account of the possession is satisfactorily proven by the prisoner, it is incumbent upon the State to show that such an account is false.

Evidence of good character, when offered, is to be considered by the jury, in connection with all the testimony in the case, in their endeavor to reach their conclusion as to the guilt or innocence of the accused. If, under the evidence, considered in connection with the law, as the Court has now declared it to you, you find that the State has, beyond a reasonable doubt, sustained the charge contained in the indictment, your verdict should be guilty ; otherwise it should be not guilty.

By a reasonable doubt is meant such a doubt as may reasonably control the conviction and judgment of reasonable, intelligent

and impartial men, acting, as you are, as jurors under the sanction of your oaths. If you should entertain such a doubt, it should enure to the acquittal of the accused.

> Verdict, guilty with a recommendation
> to the mercy of the Court.