State vs. Edward Short, Jesse Mullin and Margaret Martin, *alias* Margaret Goodyear.

*Criminal Law—Indictment—Breaking and Entering Dwelling House in Daytime—Intent to Commit Larceny—Principal —Accomplice—Evidence Necessary to Convict— Possession of Goods Recently Stolen— Character Testimony—Conflicting Testimony.*

1. In a trial of three defendants for breaking and entering a dwelling house with intent to commit larceny, in order to convict an accomplice the jury must be satisfied beyond a reasonable doubt that one or both of the other defendants did feloniously break and enter the dwelling house of the prosecuting witness with intent to commit larceny, as charged in the indictment,—that is, with the felonious intent to take and carry away the goods and chattels kept or deposited in said dwelling house with intent to convert them to his or their use without the consent of the owner, and that the alleged accomplice abetted, procured, commanded or counseled the commission of the crime.

2. If one of said defendants did feloniously break and enter the said dwelling house with the intent as charged and another aided and assisted in the commission of the crime in any manner, such other would be equally guilty with the principal, as the law makes no distinctions in the degree of guilt between the principal offender and his accomplice.

3. When a dwelling house in which moneys, goods and chattels, the subject of larceny, are kept and deposited, has been recently broken and entered into, and such moneys, goods and chattels, or any part of them, are then and there stolen, the subsequent possession thereof by a person is *prima facie* evidence of the commission by such person as well of the breaking and entering as of the intent to commit larceny. The possessor of such goods and chattels is presumed to have committed the whole crime— it may be as principal or accomplice—unless he satisfactorily accounts to the jury for his possession of such goods. This, however, is a rebuttable presumption.

4. The degree of credit which ought to be given to the testimony of an accomplice is a matter exclusively within the province of the jury. Great caution in weighing his testimony is dictated by prudence and good reason, and it is the practice not to convict a person upon the sole and uncorroborated testimony of an alleged accomplice. But the jury may act upon the evidence of such witness, and, if satisfied it is true, without any confirmation of his testimony; and in such a case it would be their duty to do so.

5. The good character of an accused, when satisfactorily proved, is to be considered in connection with all the other evidence in the case; and it

is to be given just such weight as in the judgment of the jury it is, under all the facts and circumstances, entitled to.

6. When the testimony is conflicting the jury should endeavor to reconcile and harmonize it. If they cannot do so, they should accept that part of it which they deem worthy of credit and reject that which they deem unworthy of credit, taking into consideration all the testimony adduced and the circumstances surrounding the respective witnesses, their means of information and opportunity of knowing the facts of which they have testified, their interest or bias, if any, and their manner and apparent fairness in giving their testimony.

(*March* 5, 1909.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Josiah O. Wolcott*, Deputy Attorney-General, for the State.

*J. Frank Ball* for the defendants.

Court of General Sessions, New Castle County, March Term, 1910.

INDICTMENT for breaking and entering a dwelling house in day time, with intent to commit Larceny, (No. 42, March Term, 1909).

BOYCE, J., charging the jury:

Gentlemen of the jury:—The indictment, in this case, charges that Edward Short, Jesse Mullin and Margaret Martin, otherwise known as Margaret Goodyear did, on the 23d day of January of the present year, in the day time, feloniously break and enter into the dwelling house of Christiana Stettner, in this city, in which said dwelling house certain moneys, goods and chattels, being the subject of larceny, were then and there kept and deposited, with the intent to commit larceny. On being arraigned, Edward Short pleaded guilty; and Jesse Mullin and Margaret Martin otherwise known as Margaret Goodyear, whom you have been impanelled to try, each pleaded not guilty.

The crime charged against these two defendants embraces two distinct elements: (1) the breaking and entering into the dwelling house of the prosecuting witness, (2) with the intent to

commit larceny. You have given the case that close and patient attention which it deserves. You are the exclusive judges of the credibility of the witnesses and of the weight and value of their testimony. In civil actions a preponderance of evidence is sufficient to warrant a verdict for that party in whose favor the jury may find it to exist; but in criminal prosecutions, it is necessary, in order to warrant a conviction, that the jury should be satisfied of the guilt of the accused beyond a reasonable doubt. For in criminal cases the law clothes the accused with the presumption of innocence, until the contrary is shown and it is therefore, incumbent upon the State to establish the guilt of the defendant, either by direct or circumstantial evidence, to the satisfaction of the jury beyond a reasonable doubt.

It is not denied that the crime charged in the indictment was committed. Short confesses his guilt. Did he commit the crime alone, or was he assisted by either or both of the defendants? It is for you to say from the evidence whether either or both of the defendants aided and assisted him in the commission of the crime.

The State maintains that Mullin did first break and enter the house of the prosecuting witness with the intent as charged, and that Short and Martin or Goodyear were then and there present, aiding and assisting, on the outside, as watchers; that Mullin, failing to find the money for which it is claimed the breaking and entering were committed, came out of the house and Short entered and both found and took therefrom $140, three watches, etc., with Mullin and Martin or Goodyear then and there present, aiding and assisting as watchers; that the money so taken was immediately thereafter divided among the three and that Short and Mullin made a division of the watches, etc., between themselves. The defendants not only deny that they, or either of them, had anything whatever to do with the commission of the crime, but they each insist that they were not at the Stettner house when the crime was committed, but, on the contrary, that they were, at the time of the burglary, at other and separate places.

It is not claimed on the part of the State that Mrs. Martin or Goodyear did actually break and enter the house of the prosecuting witness with the intent to commit larceny, but the claim is, that at the time the crime was comitted, by Short and Mullin, she was then and there present, abetting, procuring, commanding and counselling the commission thereof. In order to convict Margaret Martin or Goodyear, you must be satisfied beyond a reasonable doubt that either Edward Short or Jesse Mullin, or both did feloniously break and enter the dwelling house of the prosecuting witness with the intent to commit larceny as charged in the indictment—that is, with the felonious intent to take and carry away the goods and chattels kept or deposited in said dwelling house with the intent to convert them to his or their use without the consent of the owner, and that Margaret Martin or Goodyear abetted, procured, commanded or counseled the commission of the crime.

In order to convict Jesse Mullin, you must be satisfied beyond a reasonable doubt that he did either himself feloniously break and enter the said dwelling house with the intent as charged, or that Edward Short did feloniously break and enter the said dwelling house as charged and that he, Jesse Mullin, aided and assisted in the commission of the crime by Edward Short.

If you find beyond a reasonable doubt that Edward Short did feloniously break and enter the said dwelling house with the intent as charged and that the defendants aided and assisted in the commission of the crime in any manner they would be equally guilty with Short—as the law makes no distinction in the degree of guilt, between the principal offender and his accomplice

A gold watch, chain and locket are in evidence before you. The locket, it is admitted, contains the likeness of the prosecuting witness. It is conceded that these articles are the property of the prosecuting witness. The State claims that, in the division of the watches made between Short and Mullin, the latter received the said watch, chain and locket which are in evidence Mullin, as we have said, denies any connection with or part in the burglary. But he claims that on the day of and a short while before he had heard that the crime charged had been committed

Short gave him the watch, chain and locket to keep for him; that in a very little while thereafter, he showed the same to the daughter of Mrs. Martin, and, upon being informed that they were the property of the prosecuting witness, he very soon thereafter delivered the same at the police station.

It is a well settled rule of criminal law in this State that when property recently stolen is found in the possession of a person, that person is presumed to be the one who stole it, unless he accounts for his possession thereof satisfactorily to the jury. When a dwelling house, in which moneys, goods and chattels, the subject of larceny, are kept and deposited, has been recently broken and entered into, and such moneys, goods and chattels, or any part of them are then and there stolen, the subsequent possession thereof by a person is *prima facie* evidence of the commission by such person as well of the breaking and entering as of the intent to commit larceny, that is, the possessor of such goods is presumed to have committed the whole crime—it may be as principal or accomplice—unless he satisfactorily accounts to the jury for his possession of such goods. This, however, is a rebuttable presumption. It is for you to say under all evidence in this case whether that presumption has been rebutted.

Edward Short has testified in behalf of the State, in this case. You are the judges of the weight and value of his testimony considered in connection with all the evidence produced before you. The degree of credit which ought to be given to his testimony is a matter exclusievly within your province. Great caution in weighing his testimony is dictated by prudence and good reason, and it is the practice not to convict a person upon the sole and uncorroborated testimony of an alleged accomplice. But you may act upon the evidence of such a witness, if you are satisfied that it is true, without any confirmation of his testimony. And in such a case it would be your duty to do so.

The good character of an accused, when satisfactorily proved, is to be considered in connection with all the other evidence in the case; and it is to be given just such weight as in the judgment of the jury it is, under all the facts and circumstances entitled to.

When, as in this case, the testimony is conflicting, you should endeavor to reconcile and harmonize it, if you can. If you cannot do so, you should accept that part of it which you deem worthy of credit, and reject that which you deem unworthy of credit, taking into consideration all the testimony adduced and the circumstances surrounding the respective witnesses, their means of information and opportunity of knowing the facts of which they have testified, their interest or bias, if any, their manner and apparent fairness in giving their testimony.

If after carefully and conscientiously considering and weighing all the evidence in this case, you should entertain a reasonable doubt as to the guilt of the defendants, or either of them, such a doubt inures to the benefit of the accused and your verdict should be not guilty.

A reasonable doubt is not a vague, fanciful or speculative doubt, but a substantial doubt, arising out of the case as presented to you, and it is such a doubt as reasonable, fair-minded and honest men would entertain under all the facts and circumstances of the case.

If you should find either or both of the defendants guilty, your verdict should be guilty accordingly.

You will return such a verdict as the evidence, considered in connection with these instructions, seems to you to warrant.

The jury disagreed.