## STATE vs. ANTONIO DE LUCA.

#### 1. LARCENY—DEFINED.

Larceny is the felonious taking and carrying away of the personal property of another, with the intent to convert it to the use of the taker without the consent of the owner.

#### 2. LARCENY—WHAT MUST BE PROVED BY THE STATE.

In a prosecutiou for larceny, the State must prove that the property taken was personal property of some value belonging to the owner named in the indictment and that it was taken feloniously by the defendant with intent to convert it to his own use within two years prior to the finding of the indictment, and in the county in which the case was being prosecuted.

#### 3. LARCENY—POSSESSION OF STOLEN GOODS—PRESUMPTION.

Where goods have been recently stolen and found in the possession of another, such person is presumed in law to be the thief, unless he satisfactorily explains to the jury how he acquired them, such as by mistake, or without his knowledge or consent.

#### 4. LARCENY—"TAKING"—WHAT CONSTITUTES.

To constitute "a taking," in larceny, the property need only be separated from the owner, so that its removal from one place to another feloniously, intending to convert it to one's own use, is sufficient.

#### 5. CRIMINAL LAW—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF.

In criminal cases, the defendant is presumed to be innocent; the burden being upon the state to prove all the essential elements of the crime beyond a reasonable doubt.

#### 6. CRIMINAL LAW—"REASONABLE DOUBT."

By the term "reasonable doubt," beyond which the state must prove its case in a criminal proceeding, a mere vague, fanciful, or speculative doubt is not meant, but a reasonable doubt remaining in the minds of the jury after a careful consideration of all the testimony.

#### 7. CRIMINAL LAW—CHARACTER OF ACCUSED—CONSIDERATION OF.

In a prosecution for larceny, the good character of the accused is to be considered with the other testimony, and given such weight as the jury see fit to accord it.

*(September 28, 1910.)*

Judges BOYCE and HASTINGS sitting.

*Andrew C. Gray,* Attorney General, and *Josiah O. Wolcott,* Deputy Attorney General, for the State.

*Leonard E. Wales* for the defendant.

Court of General Sessions, New Castle County, September Term, 1910.

INDICTMENT FOR LARCENY (No. 68, September Term, 1910) of certain cloth the property of Joseph Bancroft and Sons Company.

At the trial the state proved that Joseph Bancroft and Sons Company had been missing, from time to time, certain cloth from .their manufacturing plant at Rockford; that on the seventeenth day of September 1910, as the employees were about to leave the mill, one of the foremen told the defendant, De Luca, to bring him his (De Luca's) dinner basket which was sitting upon a pile of material in the room, asking him at the same time what he had in his basket, and De Luca replied "not much"; that De Luca did bring the basket and upon opening it the foreman found therein two wads of wet cloth, belonging to the said company,— one of sateen and the other of muslin. That the foreman then said to the defendant De Luca "I could have you put in the Workhouse for this" and that the defendant made no reply. It developed at the trial that the defendant could speak and understand English but imperfectly.

Defendant's counsel, when the state had rested, asked the court to instruct the jury to bring in a verdict of not guilty, on the ground that there was no evidence of asportation or carrying away of the property alleged to have been stolen; that there was no actual, exclusive and complete control exercised by the defendant over said property.

The court refused to so instruct the jury.

HASTINGS, J., charging the jury:

Gentlemen of the jury:—Antonio De Luca is charged in this indictment with having, on the seventeenth day of September of the present year, in Wilmington Hundred, taken certain goods mentioned in the indictment, the property of Joseph Bancroft and Sons Company. The crime of which the defendant is charged is larceny, which is defined to be the felonious taking and carrying away of the personal property of another with the intent to convert it to the use of the taker without the consent of the owner. There are certain essential things which it is necessary for the

state to prove in a case of larceny. For instance, it must prove that the property taken was personal property of some value, and, in this case, the property of Joseph Bancroft and Sons Company. The state must further prove that the property was taken feloniously by the defendant with intent to convert it to his own use, within two years prior to the finding of this indictment, and in this county.

The principle of law invoked in this case is that where goods have been recently stolen and are found in the possession of another, that other person is presumed in law to be the thief unless he satisfactorily explains to the jury how he came into possession of them. In this case if you believe that this property was stolen,—that is feloniously taken—we then say to you that property in order to be taken to make out a case of larceny, need only be separated from the person who owns it. For instance, a person in order to commit larceny, if he took property from one place feloniously, intending to convert it to his own use, and put it in another place, that would constitute the taking. If it was found in his possession then the burden is upon him to explain to the jury how he came into possession of it. If he has satisfied the jury that he had nothing to do with the taking of it, but that it was in his possession without his knowledge or consent, or by mistake, of course that would be a satisfactory explanation. You must be satisfied that he feloniously took it in the first place. If it was found in his possession, being recently taken, that presumption would arise, and in order to satisfactorily explain it away, you must believe the story told you by the defendant. If he has satisfactorily explained to you how he came into possesssion of this property, or if he has proved to your satisfaction that he did not know, for instance, that the cloth was in his basket, he would be entitled to acquittal.

In this case, as in all others, the defendant is presumed to be innocent, and the burden is upon the state to satisfactorily prove to the jury all the essential elements of the crime beyond a reasonable doubt; and if you find after carefully considering all this evidence, that there is a reasonable doubt—by which is

meant not a mere vague, fanciful or speculative doubt, but a reasonable doubt remaining in your minds after a careful consideration of all the testimony in the case—then that doubt should inure to the benefit of the defendant and he should be acquitted.

The good character of the accused is to be considered by the jury in connection with all the other testimony in the case, and is to be given just such weight under all the facts and circumstances of the case as in the judgment of the jury it is entitled to.

Verdict, not guilty.