## STATE *v.* HARRY WHITE.

(*November* 20, 1929.)

RODNEY, J., sitting.

*Charles F. Richards,* Deputy Attorney-General, for the State.
*J. Paul Green* for the defendant.

Court of General Sessions for New Castle County, No. 23, September Term, 1929.

RODNEY, J., delivering the opinion of the court:

I propose to give some brief consideration to the question as to what effect the unexplained possession of recently stolen goods has upon the guilt of the accused. Many courts have considered the subject with a surprising looseness of expression and a lack of harmony in decision. I do not propose to go into a detailed citation of many cases. These may be found in 36 *Corpus Juris,* 870-920; *Chamberlayne's Modern Law of Evidence,* §§ 1121-1136; *Wigmore on Evidence, vol.* 5, *p.* 509; 2 *Wharton's Criminal Evidence, p.* 1508. More lengthy treatises may be found in 45 *Central Law Journal, p.* 388; 28 *Justice of the Peace, p.* 450; 6 *Albany Law Journal,* 218.

It is universally recognized that the exclusive possession of the recently stolen goods by one who cannot satisfactorily account for having them is entitled to a very considerable degree of probative value. The exact character of the inference of guilt in such cases is the line of cleavage between the different jurisdictions. Many courts have held that the exclusive and unexplained possession of recently stolen goods raises an inference of fact of the guilt of the

defendant upon which a jury will be justified in acting. Other courts have held that the possession of stolen goods under the given circumstances raises a presumption of law as to the guilt of the defendant which must be acted upon by the jury in the absence of evidence to the contrary.

Any inference of fact or presumption of law (whichever it may be called) looking toward the guilt of a defendant by reason of the possession of recently stolen goods can only arise from an unexplained possession after an opportunity for explanation has been given. The inference or presumption of guilt has its birth in the failure to satisfactorily explain the possession.

 During the conduct of a trial where the presentation of the State's case has proven goods to have been stolen and that these goods were soon thereafter found in the exclusive possession of the defendant, the Court must hold as a procedural matter that such possession creates a *prima facie* case against the defendant and casts upon the defendant the burden of explanation of such possession by him. When the defendant enters upon an explanation of such possession, such explanation, with its satisfactory or unsatisfactory character, together with all other matters of fact are for the consideration of the jury to determine the innocence of the prisoner or his guilt beyond a reasonable doubt.

I can find no case in Delaware in which the Court has been called upon to discuss the question here involved but in a number of cases the courts of this state have used very similar, if not identical, language in discussing the principle under discussion. A characteristic charge from *State v. Carr*, 4 *Penn.* 523, 57 *A.* 370, 371, is

"Where recent stolen property is found in the possession of a person, the rule of law is that such person is presumed to be the one who stole it, unless he accounts satisfactorily to the jury for his possession."

Other cases are *State v. Briscoe*, 3 *Penn.* 7, 50 *A.* 271; *State v. Spencer*, 4 *Penn.* 92, 53 *A.* 337; *State v. Wright*, 6 *Penn.* 251, 66 *A.* 364; *State v. Wolf*, 6 *Penn.* 323, 66 *A.* 739; *State v. De Luca*, 2 *Boyce* 159, 77 *A.* 742; *State v. Robinson*, 7 *Boyce* 106, 103 *A.* 657.

There is nothing, I think, at variance with the principles hereinbefore stated. The Court does not mean that the mere possession of recently stolen goods raises the presumption of guilt, but that such possession imposed upon the defendant the duty of showing how he came by the goods and his inability to satisfactorily account for such possession raised the presumption of guilt.

In *Smathers v. State*, 46 *Ind*. 447, at page 450, the court said:

"The court should have charged the jury that if they found from the evidence that the goods described in the indictment, or some portion of them, had been stolen, and that such stolen property had been found in the exclusive possession of the defendant within a short time after the larceny was perpetrated, such possession imposed upon the defendant the duty and burden of explaining his possession; and if he has failed to satisfactorily account as to how he came by the stolen property, or has given a false account of how he came into possession of such stolen property, the law presumes that the defendant stole such property, and this presumption was strong enough to justify them in finding the defendant guilty."

I am of the opinion that this instruction is to the same effect as our usual Delaware charge.

There remains to be considered the question as to whether, in this case, the possession of the watch by the defendant came within the principle herein considered with regard to the question as to whether or not the watch was "recently stolen." The watch was stolen on January 25, 1929, and appeared in the possession of the defendant on May 11, 1929, as he attempted to pawn it. Most of the authorities agree that the question as to whether the unexplained possession was sufficiently recent after the larceny to justify an inference of guilt, is a question of fact for the jury. "Recent" is a relative term and defies precise definition. The determination of whether or not a thing is recently stolen is a question of fact because it involves and depends upon all the surrounding circumstances including the character of the thing taken. The interval of time after a larceny making the unexplained possession of goods inferential evidence of guilt varies in each case. Where money or thing easily transferable and usually passed from hand to hand requires a very short time for the invocation of the rule, but this time is greatly extended when things of great individuality such as works of art are concerned. No precise time can be laid down, but

the thing to be kept in mind is the probability of an intermediate change of possession between the time of the larceny and the finding of the property in the possession of the defendant and the consequent possibility that the defendant may have come honestly into the possession of the goods.

In any doubtful case, such as the present one, the jury should be charged that the presumption of law arising from the unexplained possession of stolen goods depends upon the character of the goods and becomes weaker as the time increases between the date of the larceny and the time of the proven possession of the defendant. This was not done in this case, the mere statement of the principle being submitted to the jury.

After a consideration of all the facts and the law of the case, I am of the opinion that a new trial should be granted.