STATE *v*. WALTER EDELL.

(*June 26, 1935.*)

RODNEY, J., sitting.

*P. Warren Green*, Attorney-General, for the State.

The defendant was unrepresented.

Court of General Sessions for Sussex County. Indictment for breaking and entering with intent to commit larceny, No. 5, June Term, 1935.

RODNEY, J., in charging the jury, among other things, said:

Walter Edell, the defendant at the Bar, is charged by an indictment found by the Grand Jury of this county with the offense of breaking and entering the dwelling house of Julian E. Townsend with the intent to commit larceny in the same.

The indictment is found under *Section* 4730 of the *Revised Code* of this state which provides that,

"Whoever shall, in the night time, break and enter into the dwelling-house of another person with intent to commit any felony other than that of murder, rape, or arson of the first degree, whether such intent be executed or not, shall be deemed guilty of felony."

Burglary at common law was the breaking and entering of a dwelling house of another in the night time with the intent to commit some felony in the same, whether that felonious intent was executed or not. The Legislature of this state has divided that offense into two offenses, the difference being merely in the statement of the crimes intended to be committed after the breaking and entering. The Legislature has fixed different penalties for the two crimes. For instance, by *Section* 4727 the Legislature has said, "Whoever shall, in the night time, break and enter into the dwelling-house of another person with intent to commit murder, rape, or arson, of the first degree" shall be punished for one offense, and the other is who shall commit exactly the same crime with intent to commit any felony other than those mentioned in *Section* 4727 is guilty of the same offense and punished in a different manner.

Breaking and entering does not mean that the door or window must actually be broken, but the lifting of a latch, the turning of a knob, constitutes a breaking and entering of a door as to which a person is not entitled to

enter. I may say also that it is not necessary that the door broken or entered shall be an outside door. If a thief enters a house through a door inadvertently left opened or entered through an open window, yet later turns a key or lifts a latch or turns a knob and opens an inner door with intent to commit some felony in that inner room, then the offense of breaking and entering with intent to commit robbery is complete.[1]

██ In this case the crime embraces two distinct elements, one the breaking and entering, and the other the intent to commit larceny. The indictment charges both the breaking and entering with intent to commit larceny and also charges the larceny of the personal property of Mr. Townsend. Thus it may be said that the indictment embraces both a breaking and entering and also a larceny, and if the jury were not satisfied beyond a reasonable doubt that the defendant was guilty of the breaking and entering but are satisfied beyond a reasonable doubt that he was guilty of the larceny of the personal property of Mr. Townsend, then, the jury, in its discretion, could acquit this defendant of the breaking and entering, and still find the defendant guilty of the larceny. That is according to a very old holding of this state and has been the law of this state ever since. *State v. Cocker*, in 3 *Harr.* at *page* 554.[2]

(The Court here defined larceny and explained the law applicable to the possession of personal property which had been recently stolen.)

---

[1] See also *State v. Manluff*, 1 *Houst. Cr. Cas.* 208; *State v. Carter*, 1 *Houst. Cr. Cas.* 402; *State v. Snow*, 3 *Penn.* 259, 51 *A.* 607; *State v. Davenport*, 2 *Boyce* (25 *Del.*) 12, 77 *A.* 967.

---

[2] That a defendant charged with breaking and entering with the intent to commit larceny may merely be found guilty of breaking and entering when the evidence warrants such a verdict, see *State v. Snow*, 3 *Penn.* 259, 51 *A.* 607; see also *Rev. Code* 1915, § 4734.

■ When a dwelling house in which moneys, goods or chattels, the subject of larceny, are kept and deposited, has been recently broken and entered and such money or goods or chattels or any part of them are then and there stolen and the subsequent possession of those particular goods are found on a person, that is *prima facie* evidence of the breaking and entering as well as of the intent to commit larceny. That is, the possessor of such goods is presumed to have committed the whole crime.[1] It may be as principal or accomplice, unless he satisfactorily accounts to the jury for the possession of such goods. This, however, is a rebuttable presumption.

■ What I mean to say by that, Gentlemen, is this: that where personal property has been recently stolen from one person by another person and is shortly thereafter found in the possession of that person, the law puts that person in whose possession and custody it is found—puts that person upon the burden of explanation of how he came in the possession of such goods. He comes to the jury with his explanation. You judge as to the reasonableness of that explanation. If he reasonably accounts to you to your entire satisfaction beyond a reasonable doubt as to the method that he became possessed of those goods, then the presumption that I have mentioned falls. But it is for you to judge as to the reasonableness of his explanation.

In this case, Gentlemen, I may say to you that there may be one of three different verdicts as the evidence may appeal to you. First, you may find this defendant guilty in manner and form as he stands indicted. Second, you may

---

[1] See also *State v. Short*, 7 *Penn.* 295, 75 *A.* 787; *State v. Wright*, 6 *Penn.* 251, 252, 66 *A.* 364; *State v. Cole*, 2 *Boyce* (25 *Del.*) 184, 78 *A.* 1025.

find him not guilty of the breaking and entering, but guilty of the larceny; or, third, you may find him not guilty.

Verdict, guilty.