MEREDITH R. WIGGINS, Defendant Below, Appellant, v. STATE OF DELAWARE, Plaintiff Below, Appellee.

(*May* 11, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Charles M. Allmond, III,* of Allmond & Wood, for defendant below, appellant.

*F. L. Peter Stone,* Deputy Atty. Gen., for the State.

Supreme Court of the State of Delaware, No. 3, 1965.

HERRMANN, Justice:

This is a criminal case in which the jury found the defendant guilty of burglary in the fourth degree. The sentence was imprisonment for two years and the defendant appeals.

The case involves the breaking and entering of an alcoholic liquor package store in Wilmington and the theft therefrom of a quantity of liquors. The door of the store had been locked shortly after midnight and 'was discovered forced open in the same morning at about 6:00 A.M. Several bottles of liquor were missing. There was no direct evidence as to the identity of the person or persons who broke and entered the store. There was evidence, however, that the defendant was seen in the vicinity of the store at about 5:00 A.M. on the morning of the burglary carrying a bushel basket containing unidentified liquor bottles. A few hours later, a quantity of liquor was found in a box on the porch of the defendant's girl friend; another quantity was found at

the home of the co-defendant. While the store owner was able to say that both lots of liquor included brands sold at his store, he could not be certain that the liquor found actually came from his store.

The State's case was founded upon the charge that the stolen goods were in the defendant's possession when he was seen carrying the basket, containing bottles of liquor, near the store on the morning of the burglary. This contention was vigorously contested by the defendant; and it is obvious that the verdict turned on the issue.

Included in the trial court's charge to the jury was the following instruction:

"It is a well settled rule of criminal law in this State that when property recently stolen is found in the possession of a person, that person is presumed to be the one who stole it, unless he accounts for his possession thereof satisfactorily to the jury. That is, the possessor of such goods is presumed to have committed the crime unless he satisfactorily accounts to the jury for his possession of such goods. That, however, is a rebuttable presumption. It is for you to say under all the evidence in this case whether that presumption has or has not been rebutted."

It is settled in this State, of course, that an instruction which assumes the truth of controverted facts is erroneous as invading the province of the jury. e. g., *Daniels v. State,* 2 Pennewill 586, 48 A. 196, 54 L. R. A. 286 (1901). We are of the opinion that the jury instruction given in the instant case assumed the crucial fact in controversy as to possession of the stolen goods. The trial court failed to put this controverted factual issue squarely to the jury for determination.

Moreover, the principle of law enunciated was not adapted to the factual situation of the case. This case falls within the criticism expressed in *Bantum v. State,* 7 Terry 487, 85 A. 2d 741, 752 (1952), where this court stated:

"We think the fundamental error into which our trial courts have often drifted * * * is the failure to adapt the charge to the facts. There has developed a tendency often to include in the charge abstract principles of law not directly related to the facts, * * *."

Nowhere in the court's charge in the instant case was the jury told, as we think it should have been, that the presumption arising from the unexplained possession of stolen goods was not to be indulged unless and until the jury, as trier of the facts, had found beyond a reasonable doubt that the stolen goods were actually in the defendant's possession. There was no direct proof of that fact in the instant case; the evidence relied upon by the State as to that fact was circumstantial at best; and the trial court's assumption—that the stolen liquor was in the basket being carried by the defendant on the morning of the breaking and entering—was too close to the heart of the matter to be considered harmless error. We conclude, therefore, that the error was prejudicial and reversible.

The defendant's objection to the court's charge in this regard was inadequate and should have been more specific for full compliance with Superior Court Criminal Rule 30(a), *Del. C.* Ann.[1] Nevertheless, we are here dealing with a basic and fundamental error of the kind that requires review and rectification by this court even if the objection to the charge appears insufficient and the defendant may be thereby precluded by the Rule from raising the point on appeal. Compare *McNello v. John B. Kelly, Inc.* (3 Cir., 1960) 283 F. 2d 96; *South Atlantic S. S. Co. of Delaware v. Munkacsy*, 7 W. W. Harr. 580, 187 A. 600, 606 (1936). We hold that the error falls within the category of "plain error" which should be noticed by this court in a criminal case although the objection may be deemed less than adequate.

---

[1] Superior Court Criminal Rule 30(a) provides in part:
"* * * Except with special permission of the court, no party may assign as error any portion of the charge or ommission therefrom unless he objects thereto before or at a time set by the court immediately after the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

Superior Court Criminal Rule 52(b)[2]; see, e. g., *Herzog v. United States,* (9 Cir. 1956) 235 F. 2d 664, 666-667.

This conclusion being dispositive of the appeal, we do not reach the other grounds asserted by the defendant.

Accordingly, the verdict must be set aside and the cause remanded for new trial.

----

[2] Superior Court Criminal Rule 52(b) provides:
"(b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."