JAMES A. CRAWLEY, Appellant, v. STATE OF DELAWARE, Appellee.

(*April* 13, 1966)

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

*Michael F. Tucker,* Asst. Public Defender, for appellant.

*Jay H. Conner,* Deputy Atty. Gen., for the State.

Supreme Court of the State of Delaware, No. 49, 1965.

WOLCOTT, Chief Justice.

This is an appeal from a Superior Court conviction of burglary in the fourth degree (11 *Del. C.,* Sec. 395.)

Sometime during the night of September 28, 29, 1964, the business premises of Alton F. Neal, Inc. in Newport, Delaware, were broken into forcibly through a second-story window. A safe in the premises was broken into from which were taken a checkbook containing five hundred blank checks on the account of Alton F. Neal, Inc., and petty cash in excess of $50.00. Also taken from the premises was a checkwriter machine.

The foregoing facts were proved by the State and are not disputed by the prisoner. The State has therefore discharged its burden of proving the *corpus delicti,* the occurrence of a crime.

The prisoner, however, argues that, while a crime undoubtedly had been committed, the State failed to prove beyond a reasonable doubt that he had committed it. The State's proof to connect the prisoner with the crime follows.

On September 29 or 30, 1964, the exact date being in dispute, the prisoner cashed at Tanzer's Market a check drawn on the account of Alton F. Neal, Inc., which was identified as one of the blank checks taken from the safe of Alton F. Neal, Inc. The prisoner was also identified as the person who, on September 30, 1964, attempted to cash a similar check at Hearn's Market.

The prisoner admitted cashing the check at Tanzer's Market but says it was the same check which he had previously tried to cash at Hearn's Market. In fact, because of cashing this check, prior to his trial for burglary, he had plead guilty to a charge of obtaining money under false pretenses in the Municipal Court of Wilmington.

The prisoner denied his guilt of burglary and explained his possession of the check in question by saying he had found it on the floor of a poolroom on West Sixth Street in Wilmington. He also called

alibi witnesses to prove he was in Atlantic City, New Jersey, during the time the burglary took place.

The jury convicted him which, we think, requires the conclusion that it disbelieved his alibi and his explanation for possession of the check.

The basic question before us is whether or not the unexplained possession of property stolen in the course of a proven burglary soon after the time of burglary is sufficient in law to connect the possessor of the property with the burglary.

When the State has proved goods to have been stolen which soon thereafter are found in the possession of a defendant, a *prima facie* case that he is the thief is created. The burden is then cast upon him to satisfactorily explain to the jury how he came into possession if he desires to avoid the resultant presumption of guilt. *State v. White,* 4 W.W.Harr. 316, 152 A.393; *Schaffer v. State of Del.,* *184 A.2d 689.*

As we have stated, we must assume that the jury rejected the prisoner's explanation of his possession of the stolen check. This being so, the State's *prima facie* case stands unrebutted. There is, therefore, sufficient evidence to sustain the conviction.

The prisoner argues, however, that, while the presumption arising from possession of stolen property may be sufficient to support a conviction of larceny, more is needed to support a conviction of burglary since that crime charges him, *inter alia,* with breaking and entering. It is argued that there should be some proof placing him on or about the scene of the crime at the time it took place.

*Schaffer v. State,* supra, is direct authority against the argument for in that case possession of stolen property recently taken as the result of a burglary, coupled with proof of the *corpus delicti,* was held sufficient to sustain the conviction. And in *State v. Edell,* 7 W.W.Harr. 404, 183 A.630, it was held that when a dwelling had been broken into

and chattels had been stolen therefrom, the possession of the stolen chattels raised a rebuttable presumption that the possessor had committed the whole crime. We see no reason to refuse to follow these precedents.

The prisoner cites to us authorities from other states, such as *Henggler v. State,* 173 Nev. 171, 112 N.W.2d 762, to the contrary, but we think they are not persuasive.

Finally, the prisoner complains that the trial judge did not submit to the jury the question of whether or not the check in question was in fact part of the loot of the burglary. He cites to us *Wiggins v. State,* Del., 210 A.2d 314, a recent decision of this court.

In the *Wiggins* case the trial court instructed the jury that, since the defendant was found in the possession of the stolen property, he was presumed to be the thief. We held that, since whether or not the goods in question were in fact the stolen goods was strenuously controverted, error had been committed in the charge by the assumption,, in the State's favor, of the truth of a controverted fact.

The situation at bar is entirely different for there is no denial by the prisoner that the check he cashed had in fact been stolen.

The conviction is affirmed.