**Melvin SHAW, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Aug. 20, 1971.

Bernard Balick, Asst. Public Defender, Wilmington, for defendant below, appellant.

John P. Daley, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

In this automobile theft case, the conviction obviously rested upon the inference or presumption of guilt * arising from exclusive possession of recently stolen property. The defendant admittedly sold the stolen automobile to a dealer approximately 10 days after the theft; but he explained the possession by·testifying that he purchased the car from another without knowledge that it had been stolen. The jury obviously refused to accept the explanation; it convicted.

I.

On the appeal, the defendant contends that the State did not fulfill its burden of proof, expressed in State v. Carr, 4 Pennewill, 523, 57 A. 370, 371 (1904) as follows:

"Where recent stolen property is found in the possession of a person, the

---

* See Flamer v. State, Del.Supr., 227 A.2d 123, 126, f. n. 1 (1967).

rule of law is that such person is presumed to be the one who stole it, unless he accounts satisfactorily to the jury for his possession. Whenever a reasonable explanation or account of the possession is satisfactorily proven by the prisoner, it is incumbent upon the state to show that such an account is false."

From the foregoing language, the defendant argues that his explanation of purchase of the stolen auto from another made it incumbent upon the State to prove the explanation false; that in the absence of evidence that the explanation was false, the presumption or inference of guilt falls; that, otherwise stated, the circumstantial evidence here is as consistent with innocence as with guilt and, therefore, will not support the conviction.

The defendant's contention may not be upheld because it is based upon a misconception of the *Carr* language. As read by the defendant, the State would be obliged to pursue and attempt to disprove any and all "reasonable" explanations of possession in order to preserve the presumption or inference as part of the State's case. This would be an impractical and unreasonable burden upon the State; and it would be contrary to the time-honored rule governing the presumption or inference in this State. Judge Rodney reviewed the law in State v. White, 4 W.W.Harr. 316, 152 A. 393 (1929), and stated:

> "During the conduct of a trial where the presentation of the State's case has proven goods to have been stolen and that these goods were soon thereafter found in the exclusive possession of the defendant, the Court must hold as a procedural matter that such possession creates a prima facie case against the defendant and casts upon the defendant the burden of explanation of such possession by him. When the defendant enters upon an explanation of such possession, such explanation, with its satisfactory or

unsatisfactory character, together with all other matters of fact are for the consideration of the jury to determine the innocence of the prisoner or his guilt beyond a reasonable doubt.

\* \* \* \* \* \*

"\* \* \*. The Court does not mean that the mere possession of recently stolen goods raises the presumption of guilt, but that such possession imposed upon the defendant the duty of showing how he came by the goods and his inability to satisfactorily account for such possession raised the presumption of guilt."

It is noteworthy that Judge Rodney recited the first sentence quoted above from *Carr,* but omitted the second sentence upon which the defendant here relies. The rule as above stated in *White* currently prevails. E. g., Flamer v. State, Del.Supr., 227 A.2d 123 (1967); Crawley v. State, Del.Supr., 235 A.2d 282 (1967).

In view of the well established rule of law, it seems clear that the *Carr* language does not prescribe a condition to the survival of the presumption or inference of guilt; rather, it refers to a shifting of the burden of proof to the State, after a "reasonable explanation" of possession has been "satisfactorily proven", if the State hopes to prevail before the jury.

We hold that the evidence was sufficient to sustain the conviction.

## II.

The defendant also complains that the Trial Court erred in commenting upon the evidence and in making certain remarks to the defendant while on the witness stand.

No useful purpose will be served by reciting the details of this ground of appeal. Suffice it to say that we find no reversible error in this connection.

\* \* \* \* \* \*

Affirmed.