**Francis LAUBACHER, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellée.**

Supreme Court of Delaware.

May 7, 1973.

James F. Kelleher and Arlen B. Mekler, Asst. Public Defenders, Wilmington, for defendant below, appellant.

Jeffrey M. Weiner, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice.

This is an appeal from convictions of burglary, larceny, and conspiracy. The convictions were based entirely upon the inference of guilt which may arise from the possession of recently stolen goods. The jury obviously drew the inference, notwithstanding the defendant's protestations of innocent possession at the behest of another.

The defendant was arrested while in the process of attempting to sell two heavy welding machines which he alone delivered by truck to the prospective customer. The machines had been stolen about 18 hours previously.

The parties are in disagreement as to the retrospective force and effect in this case of our recent change in the circumstantial evidence rule, Henry v. State, Del. Supr., 298 A.2d 327 (1972), the trial of this case having preceded the change. The point is irrelevant. The long-recognized inference or presumption of guilt arising from possession of recently stolen goods supersedes the general circumstantial evidence rule—old or new—and is available to the finder of fact, in a proper case, separate and apart from the ordinary rules governing circumstantial evidence. See State v. White, 4 W.W.Harr. 316, 152 A. 393 (1929); Flamer v. State, Del.Supr., 227 A.2d 123, 126, f. n. 1 (1967).

The parties are also in disagreement as to the force and effect in this case of *Flamer* and Gibbs v. State, Del.Supr., 300 A.2d 4 (1972). Neither case is apposite. In each, there was the issue of "exclusive" possession of stolen goods by the driver of an automobile, to be determined in the light of the presence of others in the automobile who admittedly were (*Flamer*), or who may have been (*Gibbs*), jointly in possession. In the instant case, there is no such complication. Under the totality of the circumstances here, the evidence unquestionably warrants the conclusion that, at the time of the arrest, the defendant had sole possession, i. e., conscious dominion and control, over the recently stolen property. That conclusion, without more, supports the presumption or inference of guilt and the convictions of larceny and burglary.

The conspiracy conviction, however, must fall. The State failed to present any evidence in support of the charge of conspiracy except that the machines were too heavy for one man to handle. That evidence, standing alone, was insufficient to support the conspiracy conviction.

The convictions of larceny and burglary are affirmed; the conviction of conspiracy is reversed.