Conrad K. WIGGINS, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

May 21, 1973.

William J. Taylor, III and Arlen B. Mekler, Asst. Public Defenders, and Hilmar L. Fricke, Wilmington, for defendant below, appellant.

Charles Brandt, Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

HERRMANN, Justice.

In this appeal from a burglary conviction, the sole issue is whether there was evidence of possession of the recently stolen goods sufficient to give rise to the inference or presumption of guilt of the theft thereof.

The defendant was tried with a co-defendant. Both were convicted by a jury. Only the defendant appeals. In addition to the sufficiency of the evidence as to possession, the appeal also raises the question of the availability in this case of the inference or presumption of guilt, assuming a joint possession with the co-defendant.

The defendant makes two inter-related arguments: (1) The case of Flamer v. State, Del.Supr., 227 A.2d 123 (1967) controls and the complicity test there prescribed has not been met; and (2) the case was tried before the circumstantial evidence rule was modified by this Court in Henry v. State, Del.Supr., 298 A.2d 327 (1972) ; that, under the old rule, the circumstantial evidence here would not support a conviction.

The determinative facts as established by the State may be briefy stated: An automobile sales agency was burglarized between 6:00 p. m. on May 14 and 5:00 a. m. on May 15. At about 3:45 a. m. on May 15, the defendant and the non-appealing co-defendant were arrested by the police at a spot less than 100 feet from the burglarized premises. At the time of arrest, they were in the process of loading on a handcart and carrying away certain items which were concededly stolen from the agency. The handcart had also been stolen from the agency. The defendant was as actively engaged in the operation of loading and removal as the co-defendant.

The defense of alibi was rejected by the jury.

We hold that:

 (1) The evidence most favorable to the State, which must be accepted for present purposes, is sufficient to establish, on the part of this defendant as well as his cohort, that "conscious dominion and control" which equates "exclusive" though "joint" possession. Crawley v. State, Del. Supr., 235 A.2d 282 (1967).

(2) Applying the *Flamer* test, which we find apposite under the facts of this case, there is sufficient evidence of the defendant's complicity in the burglary (the time, the place, the removal activity) to establish that the defendant acted in concert with his co-defendant in joint possession, permitting the inference or presumption of guilt to arise from such joint possession.

(3) The change in the general circumstantial evidence rule, under *Henry*, is irrelevant. The inference or presumption of guilt arising from possession of recently stolen goods supersedes the general circumstantial evidence rule, old or new, Laubacher v. State, Del.Supr., 306 A.2d 728 (1973).

Affirmed.