**Arson I. GIBBS, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted April 12, 1976.

Decided May 21, 1976.

Henry duPont Ridgely, Dover, for defendant-appellant.

Dana C. Reed, Deputy Atty. Gen., Dover, for plaintiff-appellee.

Before HERRMANN, Chief Justice, DUFFY and McNEILLY, Justices.

DUFFY, Justice:

Defendant was convicted by a Superior Court jury of burglary in the third degree,

11 Del.C. § 824, and felony-theft, 11 Del.C. § 841. He appeals on two grounds: (1) the evidence was insufficient to support each verdict, and (2) at trial he was denied his constitutional rights to be heard by himself and by counsel.

## (1) *The Evidence*

■ At approximately 5:00 A.M., defendant was stopped by police officers while driving a white 1975 Mark IV Lincoln Continental automobile. Polyethylene packing under the front bumper and a price sticker on the side of the car had made them curious. On investigation the officers found that the car displayed a license plate issued for an Oldsmobile which had apparently been lost or stolen. The officers testified that when they asked defendant how he got the car he replied, "A dude gave it to me to drive to Smyrna." Defendant testified that at about 4:45 A.M. as two friends left him in Dover, a man whom he had known for two or three weeks drove up and offered him $20.00 to drive the car to a club in Middletown and that he was on his way when stopped.

The State introduced evidence to show that the car had been stolen from a Lincoln-Mercury dealer's property in Dover a few hours before defendant was found driving it.

11 Del.C. § 306(c)(2) provides:

"A person found in possession of goods acquired as a result of the commission of a recent crime is presumed to have committed the crime."

That Statute codifies established Delaware law. *Shaw v. State,* Del.Supr., 281 A.2d 610 (1971); *Crawley v. State,* Del.Supr., 235 A.2d 282 (1967); *State v. White,* Del. Gen.Sess., 4 Harr. 316, 152 A. 393 (1929).

The circumstances as to time, place and possession give rise to a permissible presumption under the Statute. The jury heard the evidence and, clearly, did not believe defendant's explanation of how he came into possession of the car. There is no merit to defendant's first argument.

## ■ (2) *Representation*

During the trial, after direct examination of a police officer by the State, the following occurred:

"Mr. Ridgely: Your Honor, may we approach the bench, please?

The Court: Yes.

(Side bar conference not reported.)

The Court: Let's give the jury a recess.

(The jury left the courtroom.)

The Court: We are on the record. We are in court. The jury has a recess, but we are in court.

Now, Mr. Ridgely, you indicated that Mr. Gibbs has said that he wants to take over representation himself?

Mr. Ridgely: He has indicated to me, Your Honor, that he is not satisfied with my line of questioning and that he would like to ask questions himself.

I am not quite certain at this time whether he wants me to ask questions and he to ask questions or whether he wants to ask all the questions himself.

The Court: Would you stand, please. Do you want to take over the representation of yourself, Mr. Gibbs?

"Mr. Gibbs: I would like to ask the questions, Your Honor, but I would like the help of the attorney. I would like to ask questions, but I would like his assistance.

The Court: Here's the way we are going to do it. If you want to represent yourself, you will take over the case and you will ask them and you will make the argument to the jury and so forth. Otherwise, your attorney will continue and he will simply consult with you as to the questions you want to ask him and he knows what questions may be asked and what questions may not be asked. He will ask them. It is your choice. Which way do you prefer to proceed?

Mr. Gibbs: Could I discuss it with him for a few minutes?

The Court: Yes.

Mr. Gibbs: Your Honor, I am going to have Mr. Ridgely ask the questions.

The Court: All right. We will then bring the jury back and we will complete the cross-examination and move forward from there."

Defendant contends that he was denied his right of representation under the Federal and State Constitutions.*

In *Faretta* the United States Supreme Court held that an accused has a Federal right to defend himself, without counsel, when he voluntarily and intelligently makes that choice. We think, however, that because of the significant differences in circumstances *Faretta* does not apply here. There, as Justice Stewart noted at least twice, defendant made his election "[w]ell before the date of trial," indeed, "weeks before trial," and the Court found that:

". . . Faretta clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel. The record affirmatively shows that Faretta was literate, competent, and understanding, and that he was voluntarily exercising his informed free will."

Here, the only reference to self-representation is that which we have quoted above in full and it came just before cross-examination of the State's final witness. (The transcript shows that the State rested after the cross-examination ended some four pages later.) In addition, the request related to a single witness only, not to self-representation in the *Faretta* sense.

---

* The Sixth and Fourteenth Amendments to the Federal Constitution "guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment." *Faretta v.*

In brief, the circumstances here are so different from those in *Faretta* that, in our view, the rule of that case does not apply.

As to the Delaware Constitution, there appears to be little if anything in either the Constitutional Debates or the cases which would be helpful in construing what is meant by the right to be heard by one's self *and* by counsel. But this case does not require a full exploration thereof. We hold only that, considering the circumstances under which the defendant sought to cross-examine a witness almost at the end of the State's case and, in the absence of any showing of prejudice, he was not deprived of any constitutional right by the Court's ruling.

\*    \*    \*    \*    \*    \*

Affirmed.

*California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The Delaware Constitution, Art. 1 § 7, provides that, "In all criminal prosecutions, the accused hath a right to be heard by himself and his counsel, . . . . ."