## E. L. HARDING *v*. THE STATE.

### (*Jackson*. April Term, 1926.)

INDICTMENT AND INFORMATION. Where proof did not justify felony charge of transporting more than one gallon of liquor, question whether defendant was guilty of misdemeanor of transporting less than one gallon was properly submitted to jury (Thompson's-Shannon's Code, section 7195).

Where proof did not justify felony charge of transporting more than one gallon of liquor, court *held* to have properly submitted to jury question whether defendant was guilty of misdemeanor of transporting less than one gallon of liquor, in view of Thompson's-Shannon's Code, section 7195.

Code cited and construed: Sec. 7195(S.).

---

*Headnote 1. Indictments and Informations, 31 C. J., Section 488.

---

FROM SHELBY.

---

Error to the Criminal Court of Shelby County.—HON. T. W. HARSH, Judge.

H. T. HOLMAN, for plaintiff in error.

FERRISS C. BAILEY, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

Plaintiff in error was arraigned upon an indictment containing a single count. He was charged with the

felony of unlawfully transporting more than a gallon of intoxicating liquor. Before the case was submitted to the jury, it seems, from a statement of the trial judge, that the State had concluded the proof did not justify a charge of transportation of more than a gallon of liquor. The judge, therefore, instructed the jury that the State waived the felony, and the case was submitted to the jury to inquire as to defendant's guilt of the misdemeanor of transporting less than one gallon of liquor. He was found "guilty as charged" and a fine of $100 fixed in the jury's verdict. The trial judge added a jail sentence—the punishment inflicted being that prescribed by our statutes for the misdemeanor.

We do not think there was anything irregular in this procedure. The charge of transporting more than a gallon of liquor necessarily involves a charge of transporting less than a gallon of liquor. One cannot carry a gallon without, at the same time, carrying a less quantity. That is to say, a charge of this misdemeanor is included in a charge of this felony.

Section 7195, Thompson's-Shannon's Code, is as follows:

"Upon an indictment for any offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment and guilty of any degree inferior thereto, or of an attempt to commit the offense; and the defendant may also be found guilty of any offense the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor."

Under this statute, one charged with murder may be convicted of manslaughter, one charged with burglary

may be convicted of larceny, one charged with assault with intent to commit murder may be convicted of assault and battery, etc., etc. So one charged with the unlawful transportation of more than one gallon of liquor is at the same time charged with transportation of less than one gallon of liquor, the felony embracing the misdemeanor, and a conviction of the misdemeanor may rest upon such an indictment.

Other assignments of error do not require discussion, and the judgment below will be affirmed.