SAM MOODY *v.* THE STATE.

(*Nashville.* December Term, 1928.)

Opinion filed June 15, 1929.

Thomas H. Peebles, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice McKinney delivered the opinion of the Court.

By the presentment in this case plaintiff in error was charged in three counts with manufacturing whisky, attempting to manufacture whisky, and having in his possession parts of a still for that purpose. He was convicted upon the third count, his punishment being fixed at a fine of $100 and a workhouse sentence of four months.
██ Armed with a search warrant officers went to a house in Columbia, and found eight barrels of mash in various stages of fermentation, a boiler and a worm set up ready to run, and a keg sitting under the spout of this worm with a little whisky in the same. There was no one in the house. The officers secreted themselves and after waiting some hours the plaintiff in error and one Lewis Rohling drove to the foot of the hill, upon which the house was situated, in separate automobiles. When within about twenty-five yards of the house they were accosted by the officers and ordered to halt. They fled in opposite directions but were overtaken by the officers.

Rohling submitted his case upon a plea of guilty.

Plaintiff in error testified that his brother had rented this place; that he knew that his brother and Rohling were making whisky in said house, and that he had driven from his home in Lawrenceburg to see his brother and get a drink of whisky. He admitted that some of the clothes in the house belonged to his wife.

The officers testified that plaintiff in error admitted to them that he was engaged with his brother and Rohling in making whisky in said house.

When the surrounding circumstances are considered, in connection with the flight of the plaintiff in error and his admissions to the officers, we think the jury were well warranted in finding him guilty.

■ While the search warrant seems to conform to the rule announced in *Jackson* v. *State,* 153 Tenn., 431, the plaintiff in error does not claim that he owned these premises, or had them leased, or was making his home thereon; hence, his constitutional rights were not invaded.

■ We are unable to agree that the testimony of the officers as to his confession was incompetent. This court has repeatedly held that the mere fact that a party is under arrest at the time of the confession does not render the same inadmissible. *Wiley* v. *State,* 143 Tenn., 362.

There is no suggestion that this confession was involuntary; that is, induced by hope or fear. In fact, the plaintiff in error denies having made it.

■ It is finally insisted that chapter 12 of the Acts of 1923 was repealed, by implication, by chapter 14, passed subsequently at the same session.

By section 1 of chapter 12 it is made unlawful to possess or be in control of a still or other apparatus used or intended to be used for the purpose of manufacturing intoxicating liquor. By section 2 of that act possession or control of any still or apparatus is made *prima-facie* evidence of a purpose to manufacture intoxicating liquor.

'Chapter 14 is in this language:

"AN ACT to amend Chapter 10 of the Acts of 1909, entitled 'An Act to prohibit the manufacture in this

State of intoxicating liquors for the purpose of sale,' so as to strike out the words 'for the purpose of sale' from both caption and body of said Act; and so as to make it a misdemeanor to attempt to manufacture intoxicating liquor; 'Provided this Act shall apply only to the manufacture or attempt to manufacture whisky and brandy.'

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, that Chapter 10 of the Acts of 1909, entitled 'An Act to prohibit the manufacture in this State of intoxicating liquors for the purpose of sale,' be and the same is hereby amended so as to strike out the words 'for the purpose of sale,' from both the caption and body of said Act, wherever they may appear therein. 'Provided this Act shall apply only to the manufacture or attempt to manufacture whisky and brandy.'

"Section 2. Be it further enacted, That the offense described in Section 1 of this Act shall be deemed to have been committed by any person who shall attempt to manufacture intoxicating liquor in this State, either by assembling the necessary apparatus for the purpose of manufacturing intoxicating liquor, or by doing any act preparatory to such manufacture; and any such attempt shall be punished as described in Section 1 hereof.

"Section 3. Be it further enacted, That this Statute shall take effect from and after its passage, the public welfare requiring it."

It appears from the journals of the two houses that the bill as originally introduced did not include the proviso at the end of the caption and at the end of section 1. *Frix* v. *State,* 148 Tenn., 483.

After adding the proviso the Legislature failed to amend section 2, so that it would correspond therewith, and this resulted in making the act somewhat confused. Necessarily section 2 will have to be limited to assembling

an apparatus for the purpose of manufacturing whisky and brandy.

The word "deemed" is used in section 2 of chapter 14 in the sense of "presumed." 18 C. J., 451.

The second sections of the two acts do not create criminal offenses but establish rules of evidence. The mere possession of a still is not plenary proof of guilt of the offenses denounced in the first sections of the two acts; they create presumptions of guilt, and may be assimilated to the rule which provides that proof of recent possession of stolen property, unexplained, affords *prima facie* or presumptive evidence of guilt. *State* v. *Yardley,* 95 Tenn., 565; *Wilcox* v. *State,* 50 Tenn., 118.

To hold that the mere possessing of the necessary apparatus is conclusive evidence of guilt of manufacturing whisky and brandy would deprive accused persons of the privilege of showing that they were not guilty of that offense and would do violence to the statute as construed by this court in *Hall* v. *State,* 151 Tenn., 419, where it was said:

"To constitute the offense of manufacturing whisky and brandy under the definition given in section 2 of the statute in question, acts of preparation required to constitute the offense must be attended by proof of facts and circumstances which establish the overt act, and which in the ordinary, usual, and natural course of things accomplish the offense. This would be necessary to constitute the attempt to manufacture.

"The hypothetical case presented in the brief of counsel would hardly pass the judgment of a court. It could not be said that the buying of a knife to kill a man would constitute murder, nor that the buying of kerosene to burn a house would constitute arson, nor that the buying

of sugar to make whisky would constitute manufacturing. To constitute the offense of 'manufacturing,' within the definition of chapter 14, Acts of 1923, such a combination of circumstances must be presented as justifies a conclusion that the accused was actually making whisky.''

Proof of the possession of a still will, therefore, support a conviction for attempting to manufacture whisky or brandy, under chapter 14, only when the attendant circumstances show a present intent or purpose to carry the process of manufacture to completion, the assembling of the still being a step in that process. To convict under chapter 12, it is only necessary to prove possession, with a future or ultimate purpose or design to manufacture the forbidden product.

In *Hall* v. *State, supra,* the following text from Corpus Juris was approved, to-wit:

''The Legislature in creating an offense may define it by a particular description of the act constituting it, or it may define it as any act which produces, or is reasonably calculated to produce, a certain defined or described result; or it may group together various means by which the end may be accomplished and make any one of such means an offense when done to attain the object denounced by the statute.''

Chapter 12 condemns the possession of an apparatus for the purpose of manufacturing intoxicating liquor, while chapter 14 makes it unlawful to manufacture or attempt to manufacture whisky and brandy.

The two offenses, although related, are separate and distinct and provide different punishments. A person might be guilty under chapter 12 and not guilty under chapter 14. There is, therefore, no repugnancy between the two statutes and the latter does not repeal the former by implication.

While an indictment for murder embraces manslaughter, a person can be indicted for manslaughter alone. Likewise, while possessing a still is an element of manufacturing whisky, a person can be presented only for possessing a still.

Under the facts of this case the jury would have been warranted in finding the plaintiff in error guilty of manufacturing whisky. They saw proper, however, to convict him of the lesser offense, and of this he cannot complain; no more so than one could who is guilty of murder but is convicted of manslaughter. See *Harding* v. *State,* 153 Tenn., 316.

The plaintiff in error was guilty of violating both statutes, but under the "same transaction test" only one punishment could be imposed. *State* v. *Covington,* 142 Tenn., 663.

Finding no error in the judgment of the trial court it will be affirmed.