PAGE *v.* STATE.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

E. B. Baker and J. M. C. Townsend, both of Chattanooga, for plaintiff in error.

Nat Tipton, Assistant Attorney General, for the State.

Mr. Chief Justice Green delivered the opinion of the Court.

J. C. Page and Charles Barry were indicted for breaking into and entering the business house of Hotel Patten, Inc., a corporation, being the auditor's office of said hotel, with intent to commit a felony, to-wit, a larceny, and of then and there feloniously taking and carrying away $931.73, personal property of Hotel Patten, Inc., a corporation. They were convicted and each given a seven-year sentence in the penitentiary. Page alone has prosecuted his appeal in error to this court.

The sufficiency of the evidence to sustain the conviction is not challenged. It appears that the auditor of the hotel company left the office, closing or locking the door, and while she was out at lunch, these parties entered, opened a drawer, and took out the sum of money mentioned. They fled, were pursued and captured, and subsequently confessed.

The first contention made in behalf of the plaintiff in error is based on the proposition that this conviction must rest on section 10911 of the Code. That section is as follows:

"Any person who, after having entered upon the premises mentioned in the foregoing section, with intent to commit a felony, shall break any such premises, or any safe or receptacle therein, shall receive the same punishment as if he had broken into the premises in the first instance."

"The premises mentioned in the foregoing section," section 10910, is a dwelling house and the offense denounced by section 10910 is the breaking and entering into a dwelling house by night with intent to commit a felony.

It is argued that the plaintiff in error and his companion were lawfully on the hotel premises and thereafter broke into a room on said premises, namely, the auditor's office. That the room which they entered was not a room in a dwelling house, nor was it entered by night, and accordingly the plaintiff in error committed no offense under section 10911. This argument fails because the indictment herein is based on section 10913 of the Code and the conviction may properly be sustained under that section, which is in these words:

"Any person who shall break and enter into the business house, outhouse, or any other house of another, other than a dwelling house, with intent to commit a felony, shall be imprisoned in the penitentiary not less than three years nor more than ten years."

One is guilty of a "technical burglary," as that offense is defined in section 10910, if, though lawfully in a dwelling house in the first instance, he breaks and enters into a room of such premises with intent to commit a felony.

"A burglary may be committed by a breaking on the inside; for though a thief enter the dwelling house in the

nighttime, through the outer door left open, or by an open window, yet if, when within the house he turn the key, or unlatch a chamber door, with intent to commit felony, this is burglary. Hence where a servant, who sleeps in an adjacent room, unlatches his master's door and enters his apartment, with intent to kill him, or to commit a rape on his mistress, it is burglary. And so where a person left in charge of a house enters and steals from, a closed room which, from his employment, he has no right to enter.'' Wharton's Criminal Law, section 976.

The foregoing is sustained by numerous authorities collected by the author, and see also 9 C. J., 1016, and 4 R. C. L., 418.

Upon the same reasoning, one, although lawfully in a business house, commits the offense described in section 10913 of the Code when he breaks and enters into a room of that business house, which he has no right to enter, for the purpose of committing a felony.

Mr. Wharton says that a guest at an inn is guilty of burglary by arising in the night, opening his own door, and stealing goods from other rooms. For this the author cites *State* v. *Clark*, 42 Vt., 629.

At common law one who entered premises without a breaking did not commit burglary by breaking into a chest or drawer, and section 10911 of the Code was doubtlessly passed to meet that condition of the law.

It is also said that there is a fatal variance in this cause between the indictment and the proof. The indictment, as heretofore seen, lays the property stolen in Hotel Patten, Inc., a corporation. The proof was to the effect that the money belonged to Hotel Patten Company, a corporation.

It seems to us that this is an immaterial variance. It

will everywhere be understood that the money stolen belonged to the corporation known as the Hotel Patten. No court would fail to protect the plaintiff in error, having been convicted of burglarizing Hotel Patten, Inc., a corporation, from another prosecution for burglarizing Hotel Patten Company, a corporation. The variance, therefore, cannot be said to have prejudiced the rights of the plaintiff in error in any way.

The judgment of the court below is affirmed.