29888. HUNTER v. THE STATE.

DECIDED JANUARY 12, 1943.

Frank A. Bowers, Frank Grizzard, for plaintiff in error.

John A. Boykin, solicitor-general, Durwood T. Pye, Daniel Duke, contra.

MacINTYRE, J. The defendant was convicted of burglary. His motion for new trial was overruled and he excepted.

The part of the indictment necessary for the determination of this case was: that the defendant "did break and enter the storehouse and place of business of the Columbia Baking Company,

operating under the trade-name of Stone Baking Company, where valuable goods were contained, with intent to steal, and after breaking as aforesaid, did wrongfully, fraudulently and privately take, steal and carry away, with intent to steal the same," certain described personal property.

The defendant contends that "there is no evidence whatever that the defendant, or any one, gained an entrance into the storehouse and place of business by a breaking therein. The State did prove that the door to a certain tool room in the building had been broken and that some tools were missing from a locker in that room." Counsel urges "that there was insufficient evidence to support the necessary allegation in the indictment that the defendant broke and entered *the storehouse and place of business* of Columbia Baking Company, and therefore the conviction should be set aside." This court has held: "One may be guilty of burglary as to a room or apartment in a house, portions of which are open to the public, where such force, however slight, as may be sufficient to effect an entrance is used in entering either a room or any other division of such public house." *Lockhart* v. *State*, 3 *Ga. App.* 480 (60 S. E. 215). The jury was authorized to find that the main building of the company was open to the public, and the burglary, or breaking, was as to the tool room, which was a portion or subdivision of such public house. The verdict was supported by the evidence.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*