PHILLIP DONALD FOX and BILLY FERRELL THOMERSON

*v.*

STATE OF TENNESSEE.

383 S. W. 2d 25.

(*Nashville,* December Term, 1963.)

Opinion filed July 15, 1964.

Petition for Rehearing Denied October 9, 1964.

William C. Wilson, and John M. Thrower, Nashville, for plaintiffs in error.

George F. McCanless, Attorney General, Thomas E. Fox, Assistant Attorney General, for the State.

Mr. Justice Dyer delivered the opinion of the Court.

The defendants, Phillip Donald Fox and Billy Ferrell Thomerson, appeal from a conviction of burglary in the third degree having received sentences of three years in the penitentiary.

This conviction is for burglarizing a coin-operated public telephone booth by picking the locks on the money receptacles. The booths are owned and used by the Southern Bell Telephone Company. Prior to 29 January 1963 David Hinman, an agent of the telephone company, received information of possible thefts of money from these booths in the Nashville area and acting on this information William R. Cathy, another agent of the telephone company, "seeded" certain booths with marked coins. Information was furnished local officers of the possibility of these thefts and that defendant Fox was suspected.

On 29 January 1963, acting on this information, a Davidson County Officer stopped defendants at a restaurant on Murfreesboro Road in Davidson County. Two Nashville detectives, Owen and Chamberlain, were sent to bring defendants to the police station for questioning. These two detectives found defendants handcuffed sitting in a patrol car and brought them, along with their car owned by defendant Fox, to the police station in Nashville.

Defendants were questioned at the police station by officers and the two agents of the telephone company, Hinman and Cathy. One of the officers obtained a search warrant for defendant Fox's car, whereupon two police officers and the two agents of the telephone company accompanied defendant Fox outside to where the officers had left his car parked. Upon reaching the car defendant Fox was informed of this search warrant and further

informed these officers would like to search the car. Defendant Fox testified he did not give permission to search. The two officers and two agents all testified defendant Fox voluntarily gave his permission to search. Upon search the car was found to contain $420.70 in nickels, dimes and quarters, lock picking equipment, pair of gloves, some coin wrappers and a lock from a money receptacle out of a telephone booth.

The coins found in defendant Fox's car were examined and it was determined, by the previous marking, one of the coins came from a telephone booth at Millersville in Sumner County. The indictment in the case at bar is based upon this theft.

Defendant Fox made an oral statement the coins found belonged to him, but denied any knowledge of the other things found. Defendant Thomerson denied any knowledge of the things found. At this time formal charges were made against defendants.

The next day defendant Thomerson made a written confession admitting the lock picking equipment was his, and he had robbed several of these telephone booths. He stated defendant Fox acted as his lookout.

The defendants assign as error the court's failure to quash the indictment in this case. It is contended that as a matter of law the facts alleged did not constitute burglary in the third degree. However, the argument presented in their brief on appeal is based upon the premise the facts in the record do not show a breaking and entering. Thus it is said that there could have been no burglary, only perhaps larceny.

The defendants urge that there was no breaking in this case, because the telephone booth in question, as are

all similar phone booths, is open to the public. Thus it is said that entering this booth was lawful and cannot amount to a breaking. Their specific point is that the breaking is determined from how they accomplished the entrance into the booth proper, and not by the subsequent opening of the coin receptacle. This is not the law in this State.

Sec. 39-902, T.C.A. in part, provides:

"Any person who, after having entered upon the premises mentioned in sec. 39-901, with intent to commit a felony, shall break any such premises, or any safe or receptacle therein, shall receive the same punishment as if he had broken into the premises in the first instance."

The specific language of this statute applies only to Section 39-901, T.C.A. which is the breaking and entering, by night, of a dwelling house. This Court in *Page v. State,* 170 Tenn. 586, 98 S.W.2d 98 (1936), said that Section 39-902, or at least the same principle, applies also to Section 39-904, which is the basis for the prosecution in this case. In the Page case the Court said:

"Upon the same reasoning, one, although lawfully in a business house, commits the offense described in section 10913 of the Code (now 39-904) when he breaks and enters into a room of that business house, which he has no right to enter, for the purpose of committing a felony." 170 Tenn. at 589, 98 S.W.2d at 99. (Parentheses added.)

Further the Court said:

"At common law one who entered premises without a breaking did not commit burglary by breaking into a

chest or drawer, and section 10911 of the Code (now 39-902) was doubtlessly passed to meet that condition of the law." 170 Tenn. at 589, 98 S.W.2d at 99. (Parentheses added)

The holding of the Page case applies to the facts in this case. Defendants could lawfully enter the telephone booth, which is a business house within the meaning of Section 39-904, but by breaking into the money receptacle after lawful entry they would be guilty of burglary in the third degree. The Trial Judge was not in error in failure to quash the indictment.

Defendants question the validity of the arrest and search of defendant Fox's automobile. The State does not try to sustain the validity of the search by the warrant, but rather as an incident to a lawful arrest or by consent of defendant Fox.

The defendants were arrested without a warrant. The taking of defendants into custody by the officers at the restaurant on Murfreesboro Road was the time and place of the arrest. *Robertson v. State,* 184 Tenn. 227, 198 S.W.2d 633. Section 40-803, T.C.A. sets out under what conditions an officer may arrest without a warrant. The gist of the provisions of this statute has been set out in *Jones v. State,* 161 Tenn. 370, 33 S.W.2d 59, as follows:

"The substance of these provisions is that an officer may lawfully proceed to arrest without a warrant any person when the officer has, with reasonable cause, been led to believe that a person has committed, is committing, or is about to commit a felony. It is essential to the protection of society that a wide discretion be vested in officers chosen to enforce our laws against felonies. It is impossible to define 'reasonable cause'

in terms to fit all cases arising. Each case must stand on its own facts. A narrow construction would open the way for the escape of desperate criminals and the defeat of justice. One too liberal would lead to the harassment of the innocent. But the officer may not be required to wait for assurance, for evidence which would convict; when circumstances fairly point to a felony it is his duty to act, and act promptly." 161 Tenn. 370, 33 S.W.2d 59.

In the case at bar the arresting officer had information regarding possible thefts of telephone booths in the area. He further had information defendant Fox was suspected and had the license number of defendant Fox's car. We think, under these circumstances, the officer had "reasonable cause" to believe defendants had committed or were about to commit a felony. This was a lawful arrest.

The search of the automobile was not conducted at the time of the arrest, but at a later hour and in another place. The Supreme Court of the United States in two recent cases dealing with search as an incident to lawful arrest has said:

"Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest." *Preston v. United States,* 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964).

"But a search can be incident to an arrest only if it is substantially contemperaneous with the arrest and is confined to the immediate vicinity of the arrest." *Stoner v. California,* 376 U.S. 483, 84 S.Ct. 889, 11 L. Ed.2d 856 (1964).

The validity of this search cannot be sustained as an incident to this arrest.

■ The State next insists defendant Fox voluntarily gave his consent to have his car searched. This State has long recognized a person may, by voluntary consent, waive his constitutional right to demand a search warrant. *Hampton v. State,* 148 Tenn. 155, 252 S.W. 1007; *Frix v. State,* 148 Tenn. 478, 256 S.W. 449; *Byrd v. State,* 161 Tenn. 306, 30 S.W.2d 273; *Simmons v. State,* 210 Tenn. 443, 360 S.W.2d 10.

In the case of *Hampton v. State,* supra, the State suggested the validity of a search on the basis of consent. Here an officer had obtained a search warrant and had gone to the defendant's house to search for illegal whiskey. Upon confronting the defendant the officer said he had a search warrant and that the defendant may as well disclose the whiskey. The defendant did. On appeal the State contended the defendant had waived his constitutional guarantee against unreasonable searches and seizures by voluntarily consenting. The Court replied to this:

"The conduct of Hampton, confronted by the officers with a warrant and a declaration of the purpose to search if the whiskey was not shown, suggests an act of necessity, rather than volition; hence the contention of the state is not sound." 148 Tenn. at 158-159, 252 S.W. at 1008.

■ We think the circumstances of the case at bar place it within the holding in the Hampton case. Defendant Fox had at all times after his arrest been under the control of the police, who had brought him from the point of arrest to the police station, and questioned him. After the questioning several officers went with him to where the police

officers had parked his car and told him they had a warrant to search his car. To consent, under these circumstances, suggests an act of necessity rather than of volition.

Even though the evidence obtained, by the illegal search, is not admissible against the defendant Fox, such is not the case as to defendant Thomerson. It is not disputed the automobile, at the time of it's seizure and search, was owned by, and in possession of, defendant Fox. Such being the case the protection extended by the Constitution against illegal searches does not inure to the benefit of defendant Thomerson. See *Templeton v. State,* 196 Tenn. 90, 92, 264 S.W.2d 565, and *Moody v. State,* 159 Tenn. 245, 249, 17 S.W.2d 919.

It results the judgment against the defendant, Phillip Donald Fox is reversed and the cause as to this defendant remanded. The judgment against the defendant, Billy Ferrell Thomerson is affirmed.