Miles Pinky Harris and Ernest Baugh,
Plaintiffs in Error,

*v.*

State of Tennessee, Defendant in Error.

410 S.W. 2d 876.

(*Jackson,* April Term, 1966.)

Opinion filed January 6, 1967.

William D. Grugett and Thomas R. Waring, Covington, for plaintiffs in error.

George F. McCanless, Attorney General and Robert F. Hedgepath, Assistant Attorney General, Nashville, for defendant in error. Will Terry Abernathy, District

Attorney General, Selmer, prosecuted the case for the State in the trial court.

Mr. Special Justice William J. Harbison delivered the opinion of the Court.

Plaintiffs in error, Miles Pinky Harris and Ernest Baugh, hereinafter referred to as defendants, were convicted of burglary in the third degree and sentenced to serve from three to six years in the State Penitentiary. They were convicted on March 17, 1966, in the Criminal Court of Tipton County, Tennessee

The evidence shows that the Star Drug Store in Covington, Tennessee, was entered during the night of January 23, 1966, or in the early morning of January 24, 1966. Narcotics were taken from a cabinet inside the store. At about 4:50 o'clock, A.M., on the morning of January 24, 1966, two Memphis Police Officers stopped

the defendants in their automobile on a Memphis street. The police officers discovered certain tools on the front seat of the automobile that could be considered burglary tools. They placed the defendants under arrest, and took them to headquarters. About an hour later the trunk of the automobile being driven by defendants was searched, and the stolen narcotics found. Only one of the police officers, Robert J. Lucuyer, testified in the case. Testifying in the absence of the jury, Officer Lucuyer stated:

Well, we received this information from the Police Dispatcher that this car, the occupants of the car were to be checked out as suspicious persons, and that it was possible that they could have committed a felony.

On cross-examination the officer admitted that he did not have a warrant for the arrest of the defendants and that he had no knowledge that a felony had been committed or that either of these defendants had undertaken to attempt to commit a felony, or were attempting to commit one at the time they were stopped. He testified:

Q. And your purpose for stopping them was to see if you could discover evidence of the crime that had been committed; is that correct?

A. Yes sir.

Q. In other words, you went on a fishing expedition to see if you could find some evidence of the crime?

A. Well I wouldn't say it was a fishing expedition.

Q. Well that's actually what you did, though, you stopped them for the purpose of seeing if you could find evidence of the crime that had been committed; is that correct?

A. Yes.

A Lieutenant of the Burglary Bureau of the Memphis Police Department who had no knowledge concerning the details of the arrest, testified that he searched the automobile at about 6:00 o'clock, A.M. by breaking the lock and examining the contents of the trunk. This action was taken without a search warrant. The officer testified that he knew that the defendants had already been arrested at the time he made this search.

The trial judge overruled objections to the testimony of the officers concerning the search and they were permitted to repeat essentially the same testimony in the presence of the jury, and to give evidence concerning the burglary tools and narcotics found as a result of the search.

The principal assignment of error is that the search was unreasonable and illegal, and that the evidence obtained thereby was not admissible. We think the assignment is well taken and that the judgment of the trial court must be reversed.

It is conceded by the State that unless the arrest of the defendants was lawful, the subsequent search was illegal, and the evidence obtained thereby was not admissible in evidence. *White v. State* 210 Tenn. 78, 356 S.W.2d 411 (1962).; *Ellis v. State,* 211 Tenn. 321, 364 S.W.2d 925 (1963).

It is provided by statute in this State that an officer may, without a warrant, arrest a person:

(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it. T.C.A. sec. 40-803.

The information received by the officer, according to his testimony, was simply that the defendants were suspicious persons, and that there was a possibility that they might have committed a felony. The dispatcher did not testify in the case. While the Chief of Police of Covington testified, there is no evidence from him, or from the manager of the drug store, who also testified, that information had been given to police authorities in Memphis concerning the theft in question.

We do not believe that the testimony of the officer is sufficient to sustain the legality of the arrest without a warrant. Since the search of the automobile an hour later was not incident to a lawful arrest, based upon the testimony now in the record, the evidence obtained by the search should have been excluded by the trial court. *Murphy v. State,* 194 Tenn. 698, 254 S.W.2d 979 (1953); *Epps v. State,* 185 Tenn. 226, 205 S.W.2d 4 (1947); *Robertson v. State,* 184 Tenn. 277, 198 S.W.2d 633 (1947).

The judgment of the trial court is reversed and the cause is remanded for a new trial. Reversed and remanded.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.