# HAROLD ALLEN NIX and EDWARD BERNARD SAYNAY, Plaintiffs in Error, STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. Aug. 1, 1969.

Certiorari Denied by Supreme Court Nov. 3, 1969.

518

Harry U. Scruggs, Jr., John B. Getz, Memphis, for plaintiffs in error.

George F. McCanless, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Joseph L. Patterson, and Harvey L. Herrin, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The defendants below, Harold Allen Nix and Edward Bernard Saynay, were jointly indicted by the Shelby County Grand Jury for armed robbery. At their trial Nix entered a plea of guilty, and the jury fixed his punishment at ten years in the penitentiary. Saynay pleaded not guilty, but the jury also convicted him of armed robbery and fixed the same punishment for him. Both defendants have appealed to this court, and Nix has adopted the assignments of error relied on by Saynay.

Nix does not contend that his plea of guilty was other than voluntarily and understandingly entered. He did not testify before the jury in his own behalf. His assignments charge nonjurisdictional defects. A plea of guilty understandingly and voluntarily entered on the advice of counsel constitutes an admission of all facts alleged and is a waiver of all nonjurisdictional defects. Reed v. Henderson, 385 F.2d 995 (6th Circuit). It is itself a conviction; nothing remains but to give judgment and determine punishment. See Brooks v. State, 187 Tenn. 67, 213 S.W.2d 7; Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009. The assignments as to Nix are, therefore, overruled.

The defendants were in Memphis to engage in stock car racing. On March 14, 1968, at about 1:45 A.M., they drove in Saynay's 1961 Thunderbird automobile by an automobile service center at the corner of Summer Avenue and Perkins Street. Nix got out of the car on Perkins Street near the station and Saynay remained in it. Nix went into the station, held up the attendant with a .45 automatic pistol and robbed him of about $117. He then returned to the car and Saynay drove south on Perkins Street.

The service station attendant notified the police of the robbery and gave a description of Nix and his clothing as well as the direction he went from the scene. This description was broadcast to the officers in the vicinity.

A short time before the robbery the defendants had attracted the attention of an officer on patrol by passing a number of times on Summer Avenue near the scene of the crime in their automobile with out-of-state license plates. When this officer heard the broadcast about the robbery, he, in turn, broadcast his information about the defendants in the Thunderbird automobile. In a few minutes two other officers met the defendants in this automobile on Perkins Street driving in the direction Nix had gone from the nearby scene of the robbery. They stopped the defendants, told them they were under arrest for suspicion of robbery and to get out of the automobile which Saynay was driving. When the defendants got out, the officers received further information over the radio describing the robber and his clothing. The defendants are about the same size and the description of them and their clothing fit both.

Saynay refused permission to search his automobile, and the officers took his keys from his pocket and opened the trunk. In it they found a navy blue toboggan cap and two black jackets like the cap and jacket worn by the robber. In one jack was $102 currency. Under the dashboard, the officers found an unloaded .45 automatic pistol like that used in the robbery.

Saynay says that his arrest and subsequent search were illegal.

An officer may make an arrest without a warrant when a felony has in fact been committed and he has reasonable cause for believing the person arrested to have committed it. T.C.A. Sec. 40-803(3).

A felony had in fact been committed and the officers knew it. The defendant relies on Harris v. State, 219 Tenn. 459, 410 S.W.2d 876. In that case, the arresting officers did not know that a felony had been committed when they made the arrest.

■■ The police officers who received a radio alarm to apprehend the defendants for robbery had probable cause to arrest them. As the arrest was being made, the officers received a further description of the robber which fit the defendants. At a hearing outside the presence of the jury, the trial judge found probable cause for their arrest and we think his finding was proper and the arrest lawful. See West v. State, 221 Tenn. 178, 425 S.W.2d 602; Jones v. State, 161 Tenn. 370, 33 S.W.2d 59; Fox v. State, 214 Tenn. 694, 383 S.W.2d 25.

Since the arrest was lawful, the search of the automobile at the scene immediately was lawful as incidental to the arrest. One who is lawfully arrested may be

searched in his person or premises, including his automobile, without a warrant, provided the search is incident to the arrest. See White v. State, 210 Tenn. 78, 356 S.W.2d 411.

■ Both defendants gave written statements which were introduced into evidence. Saynay says these statements were inadmissible. The trial judge held a hearing on this question and found that the defendants were properly warned, no promise of reward was given, and that the statements were admissible. The statements were made in the presence of each other and are similar on the principal issues. In his statement, Saynay says that Nix had taken a .45 pistol from a friend's house, that they decided to hold up a gas station and to use that gun; that he let Nix off at the corner and waited for him to come back; that when Nix returned he drove away and was later stopped by the police. We think the trial judge was correct in his finding that the statements were admissible and that they complied with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

■ Saynay objects to the identification of Nix in a lineup. No reference was made to Saynay about the lineup and there was no prejudice to him.

Saynay contends that a letter he wrote to the assistant attorney general was improperly admitted into evidence. Two days after he was arraigned and had counsel appointed, Saynay wrote the assistant district attorney general at his home address, saying, in part: "* * * (I) did not do the actual robbing but I was a part of it. * * * What I want to ask you is could I get this off my chest

and get a sentence without going to court." He says that he took the name of the assistant district attorney general from the indictment and that he thought the prosecuting attorney was a lawyer who could help him. He claims that there was an attorney-client relationship.

■ When the State offered the letter as part of its proof in chief, the trial judge held it inadmissible as hearsay but ruled that it could be used for impeachment if the defendant testified. There was no attorney-client relationship. The defendant is a high school graduate and obviously was trying to make some agreement with the attorney general in charge of his case. This was voluntary on his part and the State had no part in it. He had already signed a written confession when he wrote the letter. There was no error in permitting his cross-examination about it.

Saynay says that the assistant district attorney general improperly cross-examined him about a statement made at a hearing outside the presence of the jury. Without waiting for an objection or an answer, the trial judge promptly instructed the witness and the State's attorney that this question could not be asked. No answer was asked or given. We do not think this question resulted in prejudice or affected the verdict. Morrison v. State, 217 Tenn. 374, 397 S.W.2d 826, 400 S.W.2d 237.

■ Saynay says Nix' confession implicating him was improperly admitted. He relies on Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. Nix did not testify before the jury, although outside its presence he testified that Saynay did not know about the robbery. Saynay's counsel cross-examined him there.

Saynay confessed to the robbery and also wrote a letter admitting his part in it. Nix' confession was merely cumulative to that of Saynay and the case against Saynay was so overwhelming that we conclude that this violation of *Bruton* was harmless beyond a reasonable doubt. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).

The defendant says that the trial judge was prejudiced against him as was shown by his questions. The record does not reveal any comments by the trial judge which could have prejudiced the defendant before the jury. The trial judge asked some questions to clarify the defendant's testimony. This was done in a proper and impartial manner for the better information of himself and the jury. See State v. Hargroves, 104 Tenn. 112, 56 S.W. 857.

All asignments are overruled and the judgment of the lower court as to both defendants is affirmed.

This case was heard and submitted to the Court prior to the enactment of Chapter 330 of the Public Acts of 1969 increasing the membership of the Court.

GALBREATH and OLIVER, JJ., concur.