**William F. HOLDER, Plaintiff in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

April 7, 1972.

Certiorari Denied by Supreme Court
Sept. 18, 1972.

Jerry Colley, Columbia, for plaintiff in error.

David M. Pack, Atty. Gen., Bart Durham, Asst. Atty. Gen., Nashville, Pride Tomlinson, Jr., Prosecutor, Columbia, for defendant in error.

## OPINION

DWYER, Judge.

At a consolidated trial William F. Holder was convicted by a jury for carrying a pistol, T.C.A. § 39–4901, with resulting fine of $100, and for possessing a legend drug contrary to T.C.A. § 52–1204, with resulting punishment of confinement for not less than one year nor more than five years. From the judgment duly pronounced on the verdicts the defendant has seasonably appealed.

Our summarization of the facts developed at the trial is narrated from our reading of this record.

On Saturday, January 30, 1971, around 1:50 p. m., the prosecuting witness, a deputy sheriff for the City of Columbia in Maury County, was on duty at the courthouse. He received a telephone call from an informant personally known to him, and whose reliability he had tested and found to be good on previous occasions. The informant related that the defendant was at that time leaving the Anderson and Neal Trucking Company in Columbia, in a car which he described and gave the license number. The informant further related that the defendant had a large number of illegal pills under the dashboard in his car, that he had a loaded .32 caliber automatic pistol concealed under the dash, and that he was on his way to the Kennedy Trailer Court. The deputy related he then with other officers left to intercept the defendant. Within ten minutes he stopped the defendant on the road leading to the trailer park and placed him under arrest. He then searched the car and found under the dashboard the loaded .32 caliber pistol and bottles full of pills. Under the front seat he found a sack containing pills and on the back seat two bottles full of pills. The record reflects a total of 1,700 pills were found. Testimony by a toxicologist reflected that all the pills were within the category of legend drugs requiring a prescription. The defendant did not testify and offered no proof.

Defendant makes several assignments of error predicated upon the alleged unreasonable arrest and search which produced the incriminating pills and pistol. He seasonably filed a motion to suppress this evidence which was denied by the trial judge at the conclusion of a jury-absent hearing on the issue of probable cause. The only evidence adduced at the hearing was the testimony of the deputy sheriff who made the arrest and search after the informant's telephone call. Defendant relies primarily upon Whiteley v. Wyoming, 401 U.S. 560,

91 S.Ct. 1031, 28 L.Ed.2d 306, decided March 29, 1971. After a thorough consideration of *Whiteley* we see no standards in that opinion that are controlling in the case sub judice so as to require a finding by the trial court or this court that this arresting and searching officer lacked probable cause both to arrest the accused and to search his car. In that case, the following language may be found:

"The decisions of this Court concerning Fourth Amendment probable cause requirements before a warrant for either arrest or search can issue require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964); Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958)."

■ Though *Whiteley* deals with the probable cause standard for construing a warrant affidavit, it nevertheless states a probable cause standard also relevant to warrantless arrests and searches. The probable cause standard to be applied is simply "sufficient information to support an independent judgment," whether the judgment of the warrant-issuing magistrate or the arresting and searching officer.

As to what information is pertinent in considering this sufficiency, we find in Greer v. State, 1 Tenn.Cr.App. 407, 443 S.W.2d 681, 684:

"In determining probable cause, all the information in the officer's possession, fair inferences therefrom, and observations, including past experience, are generally pertinent."

Also, regarding probable cause for an arrest without a warrant, we find the following in Jones v. State, 161 Tenn. 370, 33 S.W.2d 59:

"The substance of these provisions is that an officer may lawfully proceed to arrest without a warrant any person when the officer has, with reasonable cause, been led to believe that the person has committed, is committing, or is about to commit a felony. It is essential to the protection of society that a wide discretion be vested in officers chosen to enforce our laws against felonies. It is impossible to define 'reasonable cause' in terms to fit all cases arising. Each case must stand on its own facts. A narrow construction would open the way for the escape of desperate criminals and the defeat of justice. One too liberal would lead to the harassment of the innocent. But the officer may not be required to wait for assurance, for evidence which would convict; when circumstances fairly point to a felony it is his duty to act, and act promptly."

This rule in *Jones, supra,* has been cited with approval in Fox v. State, 214 Tenn. 694, 383 S.W.2d 25, and in Greer v. State, *supra*.

Turning to the case at hand with the above principles in mind, we now consider what information this officer possessed, the fair inferences therefrom, and the circumstances which fairly point to a felony.

■ The officer related that the call to him at 1:50 p. m. was from an informant known personally to him. The officer considered the informant reliable because he had in the past acted on information received from the informant, and because the informant had never given him any false information. The informant told the officer the type car defendant was driving, the location from which the defendant was departing, the license number of the car, the defendant's destination, that defendant was then leaving for that destination, the lo-

cation in the car of some of the pills, and the location of the gun in the car.

The deputy arrived at the road to the trailer park, saw the defendant, the car, the license number, all corroborative details of the informant's information. He then stopped the defendant, arrested him for possessing the drugs and the pistol, searched the car, and found the prohibited items. We are satisfied this arrest and search were both grounded on probable cause. Under the above recitation of information and circumstances known to the officer, we consider his belief that a felony was being committed was a reasonable belief. The receipt of such detailed information, and such extensive information, from a known and known-to-be-reliable informant, in such a timely manner, and corroborated by the appearance of the offender at the exact time and place and in the car predicated, all led to a reasonable inference that the remainder of the informant's report was accurate and believable, namely, that the defendant possessed the prohibited items in his car at that time.

We also cite the case of Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L. Ed.2d 327, as being in point with the facts of the case at hand, and as being supportive of the finding here that there was probable cause for a warrantless arrest and search under the facts.

■ Defendant specifically argues, regarding the deputy's lack of probable cause, that the deputy's refusal to disclose the manner in which the informant obtained his information developed a fatal flaw in the factual basis of the informant's report, so that it became merely a conclusion that the deputy accepted without sufficient basis for believing it. We concede that such a revelation of how the informant obtained his information would have added strength to the probable cause determination by this officer. But we hold that under the circumstances of this case, involving a very comprehensive and detailed report by the informant, and under circum-

stances wherein time was of the essence, this additional believability factor was unnecessary to establish probable cause already sufficiently established. See Spinelli v. United States, 393 U.S. 417, 89 S.Ct. 584, at p. 589, where it is pointed out that the affiant gave no basis for establishing the reliability of his informant, and where it is stated that "The detail provided by the informant in Draper v. United States, [*supra*,] provides a suitable benchmark."

We further note the only evidence pertaining to the officer's probable cause before the trial court was the testimony of the deputy himself. The trial court by its ruling has accredited the testimony of the deputy. There is no evidence in this record to support a finding that the evidence preponderates against that judgment. Under the evidence presented at the probable cause hearing, we sustain the trial court's finding of probable cause, as having been supported by sufficient factual information. The assignments pertaining to the arrest and search and admission of the evidence obtained therefrom are overruled.

Defendant next contends that the trial court erred in restricting his voir dire examination of the jurors pertaining to the search question. This assignment is not briefed, and is without merit. See Rule 15. We note the trial court reversed its earlier ruling and allowed the questions. The assignment is overruled.

■ Defendant further contends that the closing argument of the attorney general, by relating there was no denial in the record of the State's evidence, was a prohibited comment on the defendant's not testifying. T.C.A. § 40–2403. This type argument is comparable to an argument that the evidence is uncontradicted. This the Supreme Court has held is not a comment on defendant's failure to testify. See Schweizer v. State, 217 Tenn. 569, 580, 399 S.W.2d 743. The assignment is overruled.

■ Defendant lastly contends the trial court erred in not declaring a mistrial

when the deputy, in response to a question on cross-examination, related the defendant had a reputation for pushing pills. The trial court promptly interceded and instructed the jury on several occasions to disregard the statement. We feel the deputy was over zealous, but at the same time we feel the question as propounded by the defendant was worded in such a manner that the answer was not necessarily unresponsive. The assignment is overruled.

The judgment of the trial court is affirmed.

GALBREATH and O'BRIEN, JJ., concur.