GRIMES, Judge.
Appellant was convicted of breaking and entering a building other than a dwelling house with intent to commit a misdemean- or. His appeal poses the question of whether a burglary is committed by the breaking of an interior portion of a building but not its exterior. The information charged that appellant:
“did break and enter a storage area located in a portion of a building designed for use as a dwelling house but not then and there occupied as such. . . . ”
Appellant’s motion to dismiss was denied. He then entered a plea of nolo contendere reserving the right to appeal the denial of his motion.
*836 Fla.Stat. § 810.05 (1973), under which appellant was charged, reads as follows:
“(1) Whoever breaks and enters, or enters without breaking, any dwelling, storehouse, building, ship, vessel, aircraft, or railroad car with intent to commit a misdemeanor shall be guilty of a felony of the third degree . . . .”
Appellant argues that the information does not conform to statutory requirements because it only alleges that he broke into a storage area in a building rather than into the building itself.
This is a case of first impression in Florida.[1] However, other jurisdictions with similar statutes have held that a breaking of an inner portion of the building constitutes the requisite element for burglary.
In Bowie v. State, Tex.Cr.App.1966, 401 S.W.2d 829, the defendant was charged with breaking and entering a building used for the manufacture and shipping of dresses. Even though the outer door was open, the defendant was found guilty because he had broken into an interior shipping and storage area by pushing open a sliding door. In rejecting the argument that no breaking had been proven, the Texas appellate court said:
“ . . . Entry through an open exteri- or door does not preclude a verdict of guilty where the evidence shows that an inner room or compartment of the building is broken into. . . . ”
The following instruction given in State v. Edell, Del.Gen.Sess.1935, 7 W.W.Harr. 404, 183 A. 630, aptly stated how a breaking may occur in the interior of a building:
“Breaking and entering does not mean that the door or window must actually be broken, but the lifting of a latch, the turning of a knob, constitutes a breaking and entering of a door as to which a person is not entitled to enter. I may say also that it is not necessary that the door broken or entered shall be an outside door. If a thief enters a house through a door inadvertently left opened or entered through an open window, yet later turns a key or lifts a latch or turns a knob and opens an inner door with intent to commit some felony in that inner room, then the offense of breaking and entering with intent to commit robbery is complete.”
See also State v. Burke, Mo.1971, 462 S.W.2d 701 (comprehensive discussion of case law on the subject); People v. Davis, 1959, 175 Cal.App.2d 365, 346 P.2d 248; Hunter v. State, 1942, 68 Ga.App. 739, 23 S.E.2d 871; Page v. State, 1936, 170 Tenn. 586, 98 S.W.2d 98; Davidson v. State, 1919, 86 Tex.Cr.R. 243, 216 S.W. 624; State v. Ferguson, 1910, 149 Iowa 476, 128 N.W. 840; Lockhart v. State, 1908, 3 Ga.App. 480, 60 S.E. 215.
In discussing the nature of the breaking necessary to convict for burglary, Perkins on Criminal Law, Ch. 3, Sec. 1 (1957), states:
“The breaking is not limited to an outside door or window. If the outside door is open but the felonious design requires entrance into a part of the building which is closed, the making of an opening into that part of the house is a breaking. The opening of a gate in a wall which surrounds the house, however high the wall may be, is not enough, although an occasional reference has confused breaking into the curtilage of a house with the ancient crime of breaking into a walled city. Nor will the opening of a trunk, box or piece of furniture within the building meet the requirement. Some part of the building itself must be opened. The opening of a cupboard door or drawer has been a useful testing point for the law in this regard. If the cupboard is an article of furniture within the building the opening of the door or drawer is not a breaking within the burglary meaning, but it is otherwise if the cupboard is a built-in *837 part of the very building itself. The fact that an article of furniture is fastened to the wall, or the floor, will not necessarily make it a ‘part of the building.’ This will depend upon the facts of the particular case.”
See also 13 Am.Jur.2d, Burglary, § 21, page 332; 12 C.J.S. Burglary § 6, page 671.
In view of these authorities, we hold that the breaking of an inner door or structure within an open building constitutes a breaking for purposes of the burglary statute. While the information filed in this case was not as clear as it might have been, it did not wholly fail to charge a crime. Consequently, the court could properly find him guilty upon his plea of no contest. Hand v. State, Fla.1976, 334 So.2d 601.
AFFIRMED.
McNULTY, C. J., and HOBSON, J., concur.

. In Catanese v. State, Fla.App.4th, 1971, 251 So.2d 572, an information charging the defendant with breaking and entering a telephone booth under Fla.Stat. § 810.05 was held legally insufficient because it did not describe the telephone booth as a building. The case is not in point because that information totally failed to allege that a building or any portion of a building was broken.