**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6040**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEVE ALLEN JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap.  James P. Jones, District Judge.  (2:02-cr-10109-JPJ-RSB-1; 2:15-cv-80863-JPJ-RSB)

Submitted:  March 15, 2018                                Decided:  March 30, 2018

Before NIEMEYER, KING, and KEENAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Brian J. Beck, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant.  Rick A. Mountcastle, Acting United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steve Allen Johnson seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. Johnson pled guilty to being a felon and unlawful controlled substance user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), (3) (2012). Pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012), the district court sentenced Johnson to 180 months' imprisonment and 3 years' supervised release. In his § 2255 motion, Johnson challenged his ACCA sentence on the ground that his three pre-1989 Tennessee third-degree burglary convictions were no longer valid ACCA predicates following *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (holding *Johnson* retroactively applicable to cases on collateral review). Johnson was released from prison while his motion was pending before the district court and he is now serving his supervised release term. The district court denied relief, holding that while the motion was not moot, Johnson's third-degree burglary convictions remained "violent felonies" under the ACCA's enumerated offense clause, 18 U.S.C. § 924(e)(2)(B)(ii). For the reasons that follow, we grant a certificate of appealability, vacate the district court's order, and remand for further proceedings.

As an initial matter, we hold that Johnson's release does not render this appeal moot as he remains on supervised release, and the district court may, in its discretion,

---

[1] Johnson sustained these convictions in 1981, 1982, and 1985 after guilty pleas. We refer to these convictions as pre-1989 Tennessee third-degree burglaries because the Tennessee criminal code was modified in November 1989.

alter any aspect of a defendant's otherwise statutorily mandated sentence, including supervised release terms, should it find such relief warranted. *United States v. Doe*, 810 F.3d 132, 143 (3d Cir. 2015); *see United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013) (holding issue of mootness properly raised sua sponte). We therefore proceed to the merits of Johnson's claim.

Johnson may not appeal the district court's order unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The ACCA applies to violators of 18 U.S.C. § 922(g) (2012) who have at least three previous convictions for violent felonies or serious drug offenses committed on occasions different from one another. 18 U.S.C. § 924(e)(1). In *Johnson*, the Supreme Court struck down as unconstitutionally vague the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" to include a crime that "involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at

3

2555-56, 2561-63. Following *Johnson*, an offense is a violent felony only if it "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause") or "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated offense clause"). 18 U.S.C. § 924(e)(2)(B).

Because burglary does not fall under the force clause, Johnson's sentence remains valid only if his Tennessee third-degree burglary convictions fall under the enumerated offense clause. An offense qualifies as an enumerated offense only if it is no broader than the listed generic federal offense. *Descamps v. United States*, 570 U.S. 254, 257 (2013). Thus, Johnson must demonstrate that the pre-1989 Tennessee third-degree burglary statute is broader than generic burglary in order to prevail on his § 2255 motion. A generic burglary offense includes "the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). We review de novo whether a defendant's prior offense constitutes a violent felony under the ACCA. *United States v. Hemingway*, 734 F.3d 323, 331 (4th Cir. 2013).

Where an offense's statute is indivisible—that is, does not list multiple alternative elements—we apply the categorical approach, comparing the elements of the offense with the elements of the generic crime. *Descamps*, 570 U.S. at 257. Under this approach, the prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense; we may not analyze underlying facts to determine whether the offense conduct actually met the generic definition of the crime. *Id.* at 257-58. Where the statute is divisible—"sets out

4

one or more elements of the offense in the alternative"— we apply a modified categorical approach, "consult[ing] a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 257. We then compare the elements of the selected alternative with the elements of the generic crime, ignoring the underlying factual basis of the offense. *Id.* at 257, 262-63. The Supreme Court has clarified the difference between alternative elements and alternative means, holding that courts should apply the modified categorical approach with alternative elements, but the categorical approach with alternative means. *Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016).

At the time of Johnson's third-degree burglary convictions, the statute defining the offense read as follows:

Third-degree burglary—Safecracking

(a)(1) Burglary in the third degree is the breaking and entering into a business house, outhouse, or any other house of another, other than dwelling house, with the intent to commit a felony.

(2) Every person convicted of this crime, on first offense, shall be imprisoned in the penitentiary for not less than three (3) years nor more than ten (10) years.

. . .

(b)(1) Any person who, with intent to commit crime, breaks and enters, either by day or by night, any building, whether inhabited or not, and opens or attempts to open any vault, safe, or other secure place by any means, shall be punished by imprisonment for a term of not less than three (3) nor more than twenty-one (21) years upon conviction for a first offense, and not less than five (5) years nor more than twenty-one (21) years upon conviction for a second or subsequent offense.

5

Tenn. Code Ann. § 39-3-404 (1982) (repealed).[2]

We conclude that Johnson's motion states a debatable claim of the denial of a constitutional right. *See Slack*, 529 U.S. at 484. The state statute at issue is divisible because third-degree burglary and safecracking are separate offenses with different punishments. *Compare* Tenn. Code Ann. § 39-3-404(a)(2) (1982) (repealed), *with* § 39-3-404(b)(1) (repealed); *see Mathis*, 136 S. Ct. at 2256 (holding statutory alternatives with different punishments are elements, giving rise to modified categorical approach). Applying the modified categorical approach, review of the elements in Johnson's third-degree burglary indictments reveals that he was convicted under the third-degree burglary provision and not the safecracking provision. *See Descamps*, 133 S. Ct. at 2290 ("A prosecutor charging a violation of a divisible statute must generally select the relevant element from its list of alternatives.").

Thus, Johnson's convictions in question constitute ACCA predicates only if the third-degree burglary provision is no broader than generic burglary. In *Fox v. State*, 383 S.W.2d 25, 27 (Tenn. 1964), the Tennessee Supreme Court held that "Defendants could lawfully enter [a] telephone booth, which is a business house within the meaning of [the former version of § 39-3-404], but by breaking into the money receptacle after lawful entry they would be guilty of burglary in the third degree." *Fox*'s holding specifically

---

[2] The 1975 version of the statute, which controlled Johnson's 1981 conviction, contained the same offense descriptions with slightly different punishments and did not use subsections. Tenn. Code Ann. § 39-904 (1975) (repealed).

applies to the third-degree burglary provision and not the safecracking provision. *See id;* Tenn. Code Ann. § 39-904 (1955) (repealed). Pursuant to *Fox*, the third-degree burglary provision is broader than generic burglary because it encompasses entering into a building lawfully and breaking a receptacle within.[3] *See Taylor*, 495 U.S. at 598 (identifying unlawful or unprivileged entry as element of generic burglary).

The Sixth Circuit Court of Appeals has upheld ACCA designations based on pre-1989 Tennessee third-degree burglary convictions in *United States v. Caruthers*, 458 F.3d 459 (6th Cir. 2006), and *United States v. Taylor*, 800 F.3d 701 (6th Cir. 2015), but neither case was analyzed in light of *Descamps* and *Mathis*. In both *Caruthers* and *Taylor*, rather than applying the modified categorical approach and comparing the applicable provision's elements with those of the generic offense, the court turned to the judicial record to conclude that the movants were in fact convicted of generic burglary because they unlawfully broke and entered into a building—a flawed procedure under *Descamps* and *Mathis*. *See Taylor*, 800 F.3d at 719-20; *Caruthers*, 458 F.3d at 475-76.

We conclude that pre-1989 Tennessee third-degree burglary is broader than generic burglary, and therefore Johnson's three burglary convictions are not proper ACCA predicates under either the enumerated offense clause or the now-defunct residual clause. Accordingly, we grant a certificate of appealability, vacate the district court order

---

[3] The Tennessee Supreme Court has never overruled *Fox*.

7

denying Johnson's § 2255 motion, and remand for further proceedings.[4] On remand, the district court may address the issues, including timeliness and procedural default, that the Government raised below but that the court declined to address in view of its conclusion that the substantive claim lacked merit. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[4] While we typically order additional briefing upon granting a certificate of appealability, see 4th Cir. R. 22(a)(1)(B), in this case, we find additional briefing unnecessary because both parties have already filed briefs on the sole issue on appeal.